MOT
GORDON SILVER
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
Email: brichardson@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CORPORATE SERVICES, INC., a Nevada corporation, and **DOES 1-10**, inclusive,<br><br>Defendant. | CASE NO. 2:09-cv-01300-RCJ-GWF<br><br>**INCORP SERVICES, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| NEVADA CORPORATE SERVICES, INC., a Nevada corporation,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>INCORP SERVICES, INC., a Nevada corporation,<br><br>Counter-Defendant. | |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(B)(6), Plaintiff/Counter-Defendant, Incorp Services, Inc. ("Incorp") moves the Court to dismiss the Counterclaim (Doc #9) of Defendant/Counter-Plaintiff, Nevada Corporate Services ("NCS"), on the ground that

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

1 of 6

1  NCS has failed to allege any legal or factual basis to support its Counterclaim for abuse of
2  process, particularly where NCS has not identified any court process that was supposedly abused
3  by Incorp.
4      This Motion is based on Incorp's Memorandum of Points and Authorities set forth below,
5  all pleadings on file in this case, and such further evidence and arguments that may be presented
6  prior to or at the hearing on this Motion.
7      DATED this 8th day of September, 2009.

GORDON SILVER

BRADLEY J. RICHARDSON
Nevada Bar No. 1159
JOEL Z. SCHWARZ
Nevada Bar No. 9181
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

In an attempt to distract the Court from its own misconduct, NCS has brought a counterclaim against Incorp. Unfortunately for NCS, the abuse of process claim is so legally deficient and so factually unsupported that it exacerbates NCS's misconduct by vexatiously multiplying this litigation.

First, NCS's abuse of process claim fails because the sole basis for the claim is that Incorp filed the complaint in this lawsuit. As Nevada law has established, an abuse of process claim cannot be based on the filing of a complaint. Second, even if NCS could identify some other process supposedly abused by NCS, it has alleged absolutely no facts to support its claims.

Thus, the Court must dismiss NCS's counterclaim.

…

…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

2 of 6

## II.

## BACKGROUND

NCS is a competitor of Incorp, offering similar company formation and registration services, including registered agent services. (See Complaint, Doc #1, at ¶¶ 11, 14). On or around May 29, 2009, NCS drafted and sent defamatory letters to Incorp's clients, which falsely stated that Incorp "may be discontinuing" its registered agent services, leaving its clients "vulnerable and at risk." (Id. at ¶¶ 3, 17). The letter included several other false insinuations that Incorp's clients could be victims of Incorp's "lack of service and professionalism." (Id. at ¶20). NCS's defamatory statements have caused irreparable harm to Incorp. (Id. at ¶¶ 7, 10, 11, 12).

In response to NCS's misconduct, Incorp filed a lawsuit against NCS on July 17, 2009. NCS's answer was due on August 11, 2009. NCS failed to file a timely answer, and Incorp obtained entry of default. After entry of default—and without seeking leave to lift the default—NCS filed an answer and a counter-claim for abuse of process. However, NCS's counter-claim is nearly incomprehensible and provides no factual or legal support.

## III.

## LEGAL ARGUMENT

**A. Federal Pleading Standard.**

"[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). NCS's counterclaim fails this liberal standard.

**B.    NCS has failed to state a claim for abuse of process.**

NCS's claim for abuse of process is legally baseless and factually unsubstantiated. To state a claim for abuse of process under Nevada law, NCS must allege: 1) that Incorp had an ulterior motive other than resolving a legal dispute, and 2) that Incorp willfully misused legal processes, not proper in the regular conduct of this proceeding. *Rashidi v. Albright*, 818 F. Supp. 1354, 1358-9 (D. Nev. 1993); *Raphaelson v. Ashtonwood Stud Associates*, L.P., No. 08-1070,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

3 of 6

2009 WL 2382765, *3 (D. Nev. July 31, 2009).

Significantly, "Nevada courts have held that the filing of a complaint alone cannot constitute the willful act necessary for the tort to lie." *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev.1985); *see also Raphaelson*, 2009 WL 2382765 at *3; *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry and Tile Contractors Association of Southern Nevada*, No. 81-726, 1990 WL 270784, *9 (D. Nev. July 2, 1990).

While NCS's counter-claim is largely incoherent, the sole basis for its abuse of process claim is that Incorp filed a complaint, which allegedly contained "false and fraudulent allegations" about NCS. (See Counterclaim at ¶10). NCS provides no other basis for its abuse of process claim. Nor does NCS cite to any other court process Incorp has improperly used (given that the only action that Incorp had taken in this proceeding at the time of the counterclaim was to file the complaint, NCS's failure in this respect is particularly glaring).

Moreover, NCS's has failed to allege any facts that could support its abuse of process claim. NCS's counter-complaint does not identify a single court process that was abused or the supposed nature of that abuse. Nor does NCS provide any believable explanation or motive for Incorp's alleged abuse of process.

In fact, the only thing that's clear from NCS's counter-claim is that it was brought to annoy, harass, and impose unnecessary costs on Incorp. Because NCS's abuse of process claim is legally baseless and factually unsubstantiated, the Court should dismiss it under Federal Rule of Civil Procedure 12(b)(6).

…
…
…
…
…
…
…
…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

4 of 6

## IV.

## **CONCLUSION**

For all of the reasons set forth above, the Court should dismiss NCS's counterclaim under Federal Rule of Civil Procedure 12(b)(6).

DATED this _8__ day of September, 2009.

GORDON SILVER

_____
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
JOEL Z. SCHWARZ
Nevada Bar No. 9181
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Plaintiff

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

5 of 6

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Gordon Silver, hereby certifies that on the 8th day of September, 2009, she served a copy of the Motion, by facsimile, and by placing said copy in an envelope, postage fully prepaid, in the U.S. Mail at Las Vegas, Nevada, said envelope addressed to

R. Christopher Reade, Esq.
Reade & Associates
4560 S. Decatur Blvd., Suite 201
Las Vegas, NV 89103
Fax: (702) 794-4421

_____
Anna Dang, an employee of
GORDON SILVER

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102162-001.06/757048

6 of 6