R. CHRISTOPHER READE, ESQ.
Nevada State No. 006791
ANDREW H. PASTWICK, ESQ.
Nevada State No. 009146
READE & ASSOCIATES
4560 South Decatur Boulevard, Suite 201
Las Vegas, Nevada 89103
Tel: (702) 794-4411
Fax: (702) 794-4421
creade@readelawfirm.com
Attorney for Defendant NEVADA CORPORATE SERVICES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA CORPORATE SERVICES, INC., a Nevada Corporation; a Nevada Corporation, RICHARD FRITZLER and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:09-cv-01300-RCJ-GWF<br><br>**DEFENDANT NEVADA CORPORATE SERVICES, INC. ANSWER TO INCORP SERVICES, INC.'S FIRST AMENDED COMPLAINT** |

## DEFENDANT NEVADA CORPORATE SERVICES, INC. ANSWER TO INCORP SERVICES, INC.'S FIRST AMENDED COMPLAINT

COMES NOW, Answering Defendant NEVADA CORPORATE SERVICES, INC. [hereinafter "Defendant" or "NCS"] by and through its attorneys, the law firm of READE & ASSOCIATES, and hereby files this Answer in response to the Complaint on file herein as follows:

### INTRODUCTION

1.  Answering Paragraph 1 of the Complaint, this Answering Defendant admits that Plaintiff INCORP SERVICES, INC. [hereinafter "INCORP"] is a competitor of Defendant.

2. Answering Paragraph 2 of the Complaint, the Answering Defendant admits that Defendant RICHARD FRITZLER [hereinafter "FRITZLER"] is the President of NEVADA CORPORATE SERVICES, INC. [hereinafter "NCS"]

3. Answering Paragraphs 3, 4 and 5 of the Complaint, Defendant NCS denies each and every allegation contained therein.

## JURISDICTION AND VENUE

4. Answering Paragraphs 6, 7 and 8 of the Complaint, Answering Defendant NCS denies each and every allegation set forth therein.

## PARTIES

5. Answering Paragraph 9 of the Complaint, this Answering Defendant is without sufficient knowledge to admit or deny the allegations contained therein and thus denies the allegations contained therein.

6. Answering Paragraph 10 of the Complaint, Defendant NCS admits that it is a Nevada Corporation with its principal place of business in Clark County, Nevada.

7. Answering Paragraph 11 of the Complaint, Answering Defendant admits that FRITZLER is a resident of Nevada.

8. Answering Paragraph 12 of the Complaint, this Answering Defendant is without sufficient knowledge to admit or deny the allegations contained therein and thus denies the allegations contained therein.

## DEFENDANTS' MISCONDUCT

9. Answering Paragraphs 13, 14, 15 and 16 of the Complaint, this Answering Defendant is without sufficient knowledge to admit or deny the allegations contained therein and thus denies the allegations contained therein.

10. Answering Paragraph 17 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

11. Answering Paragraph 18 of the Complaint, Answering Defendant admits that FRITZLER is the President of NCS.

12. Answering Paragraphs 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

13. Answering Paragraph 28 and 29 of the Complaint, this Answering Defendant is without sufficient knowledge to admit or deny the allegations contained therein and thus denies the allegations contained therein.

14. Answering Paragraphs 30 and 31 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
### (False Advertising under the Lanham Act, 15 U.S.C. §1125(a))

15. Answering Paragraph 32 of the Complaint, Answering Defendant NCS repeats, realleges and incorporates by this reference each and every response in Paragraphs 1 through 14 of this Answer as though fully set forth herein.

16. Answering Paragraphs 33, 34, 35, 36 and 37 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
### (Defamation)

17. Answering Paragraph 38 of the Complaint, Answering Defendant NCS repeats, realleges and incorporates by this reference each and every response in Paragraphs 1 through 16 of this Answer as though fully set forth herein.

18. Answering Paragraphs 39, 40, 41, 42 and 43 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The events referred to in the Complaint and injuries, if any, arising therefrom, were caused by the acts of a third person or persons over whom Answering Defendant had no control, including but not limited to the acts or omissions of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant has been caused to employ counsel to defend this action and is entitled to a reasonable attorney's fee therefore.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff INCORP has failed to plead its claim(s) for False Advertising pursuant to the Lanham Act, 11 U.S.C. §1125, with adequate specificity pursuant to FED. R. CIV. P. 9(B).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff INCORP has failed to plead its claim(s) for False Advertising pursuant to the Lanham Act, 11 U.S.C. §1125, with adequate specificity pursuant to FED. R. CIV. P. 9(B), including but not limited to failure to plead (1) the defendant made false or misleading statements about Plaintiff INCORP's product/service or Defendant NCS's product/service; (2) that there is any actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) that any advertised goods traveled in interstate commerce; or (5) there is a likelihood of injury to Plaintiff INCORP.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrine of unclean hands from pursing the claims as set forth in its Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff herein failed to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing any claims against Answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

Any actions by Defendant NCS were and are privileged under Nevada law and Federal law and cannot form the basis of an action at law.

## TENTH AFFIRMATIVE DEFENSE

All damages complained of by Plaintiff were caused by its own actions and inactions.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant NCS's acts and omissions are legally protected and privileged under the principal of being true or substantially true.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant has valid legal and/or equitable excuses for any claims raised by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff INCORP cannot bring a claim for defamation insofar as it is "libel-proof".

## FOURTEENTH AFFIRMATIVE DEFENSE

The Claims asserted in the Complaint are barred under the equitable doctrines of waiver, estoppel and laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff INCORP. has brought the instant action for purpose other than resolving a pending legal dispute and is barred from prosecuting the instant action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant denies each and every allegation contained in the Complaint not specifically admitted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly plead a claim for damages, general, special or exemplary.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant NCS is protected under the Innocent Construction Doctrine.

### NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to FED. R. CIV. P. 11, this Answering Defendant reserves the right to amend this Answer to add additional affirmative defenses as discovery progresses and new facts come to light and to pursue sanctions pursuant to FED. R. CIV. P. 11 against Plaintiff due to their specious and baseless allegations under its Complaint.

WHEREFORE, Answering Defendant NEVADA CORPORATE SERVICES, INC. prays that Plaintiff takes nothing by virtue of its Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as the Court deems proper. FURTHERMORE, Defendant respectfully requests that the Court grant the following relief against Plaintiff;

1. Reasonable attorneys' fees;

2. Costs of suit;

3. For any and all such other and further relief as the Court may deem just.

DATED this 19 day of February, 2010

READE & ASSOCIATES

By: *[signature]*
R. Christopher Reade, Esq.
Nevada Bar No. 006791
Andrew H. Pastwick, Esq.
Nevada Bar No. 009146
4560 South Decatur Boulevard, Suite 201
Las Vegas, Nevada 89104
(702) 794-4411
Attorney for Defendant
NEVADA CORPORATE SERVICES, INC.

## CERTIFICATE OF MAILING

I hereby certify that on the 22nd day of February, 2010, I mailed a copy of the attached DEFENDANT NEVADA CORPORATE SERVICES, INC. ANSWER TO INCORP SERVICES, INC.'S FIRST AMENDED COMPLAINT in a sealed envelope, to the following and that postage was fully prepaid thereon, as well as being faxed to the numbers below:

Bradley Richardson, Esq.
GORDON & SILVER
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
(702) 369-2666
Attorney for Plaintiff

An Employee of Reade & Associates