**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INCORP SERVICES, INC., ) | |
|           Plaintiff, ) | Case No.  2:09-CV-01300-GMN-GWF |
| vs. ) | **ORDER** |
| NEVADA CORPORATE SERVICES, INC., ) | **Motion to Compel - #54** |
|           Defendant. ) | **Countermotion to Compel - #57** |

       This matter is before the Court on Plaintiff's Motion to Compel Production of Documents and Further Responses to Interrogatories and Requests for Admission and Request for Sanctions (#54), filed on May 12, 2010; Defendant Nevada Corporate Services, Inc.'s Opposition to Plaintiff's Motion to Compel Production of Documents and Further Responses to Interrogatories and Requests for Admission and Request for Sanctions and Countermotion to Compel Production of Documents, Responses to Interrogatories and Requests for Admission and Request for Sanctions (#57), filed May 24, 2010; Plaintiff's Reply in support of Motion to Compel Production of Documents and Further Responses to Interrogatories and Requests for Admission and Request for Sanctions (#60), filed June 3, 2010; Incorp Services, Inc.'s Opposition to Defendant Nevada Corporate Services, Inc.'s Counter-Motion to Compel (#61), filed June 8, 2010; and Defendant Nevada Corporate Services, Inc.'s Reply in support of its Countermotion to Compel (#62), filed June 11, 2010.  The Court conducted a hearing in this matter on June 15, 2010.

. . .

. . .

. . .

# BACKGROUND

This action involves claims for defamation and violation of the Lanham Act, 15 U.S.C. §1125(a), based on allegedly false statements that Defendant made to Plaintiff's business clients.[1] Plaintiff Incorp Services, Inc. ("Incorp") and Defendant Nevada Corporate Services, Inc. ("NCS") provide company formation and registered agent services and compete for clients. *See Order (#50)*, pp. 1-2. From at least May 28, 2009 until August 27, 2009, NCS sent advertisements in the form of a letter to an unknown number of business organizations registered with the Nevada Secretary of State. There were apparently at least two versions of the letter. Plaintiff has produced a May 28, 2009 letter that was addressed to an individual named Klaus Egert in Cumming, Georgia. The first paragraph of this letter stated:

> As you may already know, KE INTERIM MANAGEMENT LLC's current registered agent may be discontinuing its services. Registered agents throughout the state are closing, leaving their clients vulnerable and at risk. Read on for the 8 reasons that motivate me to personally fix this problem.

*Defendant's Opposition to Motion to Compel (#57), Exhibit "A."*

At the time this letter was sent and received by Mr. Egert, Plaintiff Incorp was the registered agent for KE Interim Management. Plaintiff's President, Tennie Sedlacek, states that after she received a copy of the letter that was sent to Mr. Egert, she received a few phone calls from other clients who received "similar, if not identical letters." These phone calls were not memorialized or otherwise recorded in documentary form and Plaintiff is unable to identify other clients who reported receiving similar letters from NCS. *Plaintiff's Opposition to Defendant's Counter-motion to Compel (#61), Exhibit "1"*.

Although the May 28, 2009 letter to Mr. Egert did not explicitly identify Incorp, Judge Jones held that "[a] reasonable jury could find: (1) NCS was negligent in failing to anticipate that the recipient of a letter stating that '[THE RECIPIENT'S] current resident agent may be discontinuing its services,' . . . would understand the letter to refer to Incorp where the recipient's

---

[1] On March 15, 2010, District Judge Jones denied Defendant's motion for summary judgment. The recitation of the facts in this order is based, in part, on the factual background set forth in the order denying summary judgment.

current resident agent was in fact Incorp; and (2) that such a(n) (mis)understanding was reasonable." *Order (#50)*, p. 6. Judge Jones also held that the statement that the KE Interim Management LLC's current registered agent "may be discontinuing its services" is a statement of fact which the jury may find to be defamatory to Incorp. *Id.*

NCS produced another version of the advertisement letter which was addressed to an Elizabeth Jennings in Atlanta, Georgia. This letter is dated August 27, 2009. The opening paragraph of this letter states: "Registered Agents throughout the State of Nevada are closing, leaving their clients vulnerable and at risk. Read on for the 9 reasons that motivate me to personally fix this problem." *See Defendant's Motion for Summary Judgment (#22), Exhibit "A"*. Unlike the May 28, 2009 letter, the August 27, 2009 version does not refer to the recipient's "current registered agent" or specifically suggest that the recipient's registered agent is about to discontinue its services. As this Court reads Judge Jones's March 15, 2010 order, the August 27, 2009 letter does not provide a basis for a cause of action for defamation or violation of the Lanham Act.

In December 2009, Plaintiff served requests for production of documents, interrogatories and requests for admissions on Defendant. Plaintiff's discovery requests referenced an attached "Exhibit A". Upon learning that it had inadvertently failed to attach "Exhibit A" to its discovery requests, Plaintiff sent a copy of the exhibit to Defendant's counsel on February 2, 2010 and granted Defendant additional time to respond to the discovery requests. *Motion to Compel (#54), Exhibit "B"*. "Exhibit A" to Plaintiff's discovery requests is the May 28, 2009 letter that NCS sent to Klaus Egert. Defendant provided supplemental responses to Plaintiff's discovery requests on March 8, 2010. In general, Defendant objected to Plaintiff's discovery requests on the grounds that they were vague and overbroad, and therefore irrelevant.

Plaintiff's motion to compel and for imposition of sanctions contends that Defendant's objections to certain of its discovery requests are invalid and that its responses are inadequate. In response to Plaintiff's motion, Defendant has filed its own counter-motion to compel and for sanctions.

. . .

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in 2000, provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevancy under Rule 26(b)(1) remains broad and is be liberally construed. *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006). Pursuant to Rule 26(b)(2)(C), the court may limit or restrict discovery on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit. Courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir.1990); *Rowlin v. Alabama Dep't of Public Safety*, 200 F.R.D. 45, 461 (M.D. Ala. 2001); and *Klein v. Freedom Strategic Partners, LLC*, 2009 WL 1606467 (D.Nev. 2009). In deciding whether to restrict discovery, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court. *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006).

The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D.Ind. 2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *Id.,* citing *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384,387 (N.D. Ill. 1990); *Walker v. Lakewood Condominium Owners Assoc.,*186 F.R.D. 584, 587 (C.D. Cal. 1999). In opposing Plaintiff's motion to compel, Defendant chose to argue the merits of Plaintiff's claims, rather than address the specific discovery requests to which Plaintiff seeks to compel further responses. As indicated above, the Court has already held that there are triable issues of fact on Plaintiff's defamation and Lanham Act claims. In large measure, therefore, Defendant has failed to carry its burden to show that the discovery requests are overly broad or irrelevant. Some of the discovery requests are, however, facially overbroad, and the Court will exercise its discretion under Rule 26(b)(2) to limit the scope of the requests to matters relevant to the claims and defenses in this case.

I. **PLAINTIFF'S MOTION TO COMPEL**

1. **Discovery Requests Relating to Letters Sent to Other Recipients and Information or Documents Concerning Incorp**

Plaintiff's discovery requests defined the term "THE LETTERS" as "the COMMUNICATION attached hereto as Exhibit "A" or any COMMUNICATION that is substantially similar to the COMMUNICATION attached hereto as Exhibit A." As discussed above, Exhibit A is the May 28, 2009 letter sent to Klaus Egert.

Plaintiff's Interrogatory No. 4 asked Defendant to identify every intended recipient of THE LETTERS. Defendant responded to this interrogatory as follows:

> Answering Defendant objects to the Interrogatory insofar as it asks for Answering Defendant to identify multiple letters but has only identified a single letter as attached hereto as Exhibit "A". Therefore Answering Defendant is limiting its response to the letter which has been attached as Exhibit "A". Furthermore Answering Defendant is uncertain of the meaning of the term "intended" beyond to whom the letter is addressed. Without waiving the foregoing objections, Answering Defendant responds Klaus Egert.

Plaintiff's Interrogatory No. 5 asked Defendant to explain in detail how the list of intended recipients of the LETTERS was created. Defendant objected to this request on grounds similar to its objection to Interrogatory No. 4. Defendant also responded to Interrogatory No. 5 by stating:

> From a large database of businesses, a small random sampling was exported to a Microsoft Excel file. Answering Defendant considered several factors, including but not limited to the business of the company and the industry in which that the [sic] company was conducting business.

Plaintiff's Request for Production No. 6 requested all documents in Defendant's possession regarding Incorp and Request for Production No. 7 requested all communications regarding Incorp. Defendant responded to these requests by stating that it had none.

Plaintiff's Request for Production No. 8 requested "ALL DOCUMENTS REGARDING or otherwise supporting THE LETTERS." Defendant responded to this request as follows:

> Objection, request is overly broad and burdensome and is not designed to lead to discoverable documents and is only intended to harass Answering Defendant.

Plaintiff's Request for Admission No. 9 asked Defendant to "admit that YOU sent THE LETTERS to current customers of Incorp." Defendant responded to this request as follows:

> Objection, Answering Defendant objects to form. Answering Defendant is unable to answer the admission as stated. Answering Defendant is unsure if "current customers" refer to the customers of Incorp at the time the letters were sent, or if it refers to customers of Incorp at the time of answering this admission.

Plaintiff's March 12, 2010 letter to Defendant's counsel directed the Defendant to consider the term "current" in Request No. 9 as referring to the time in which the letters were sent. *Motion to Compel (#54), Exhibit "C."* Plaintiff states that despite this amendment or clarification, Defendant has still not responded to this request for admission.

As Judge Jones recognized in his order denying Defendant's motion for summary judgment, the May 28, 2009 letter is a form document that, on its face, was intended to advertise NCS's services and to solicit individuals and entities to use NCS as their registered agent in Nevada in place of their current registered agents. It is reasonable to believe that NCS sent substantially similar form letters to other Nevada limited liability companies or corporations, including entities for whom Plaintiff Incorp was the registered agent at the time the letters were sent and/or received. In this regard, Incorp's president states that she received a few phone calls from clients who received similar, if not identical letters. Furthermore, Defendant's answer to Interrogatory No. 5 indicates that it prepared a file or list of businesses to whom it sent or intended to send advertisement letters. Plaintiff is entitled to discover from Defendant whether it sent substantially similar letters to other clients of Incorp which stated that the recipient's "current registered agent may be discontinuing its services" or similar words to that effect.

Defendant's answer to Interrogatory No. 5 indicates that it created a Microsoft Excel file that listed businesses to whom it apparently sent or intended to send the advertisement letters. The Court agrees with Plaintiff that Defendant's description of the Microsoft Excel file is sketchy. The Court therefore orders Defendant to supplement its answer to Interrogatory No. 5 by providing more detail concerning the file or list of recipients or intended recipients[2] and the manner in which the

---

[2] Contrary to Defendant's objections, the Court does not believe the term "intended recipient" is vague. However, to the extent this term needs clarification, "intended recipient" means an individual or entity to whom Defendant intended to send the advertisement letter, regardless of whether Defendant has information that the letter was actually sent and received.

file or list was created, including the "several factors" Defendant considered in creating the file or list. This may also be a subject that Plaintiff can more effectively explore through depositions of the Defendants.

It is not clear whether NCS specifically targeted companies whose registered agent was Incorp or whether it simply sent the letters to Nevada companies without knowledge of their current registered agents. To the extent that NCS knows or can determine from its own records that Incorp was the registered agent for the recipients of the advertisement letters, then it may and should respond to Interrogatory No. 4 by providing a list of those recipients. If NCS is unable to determine whether the recipients were represented by Incorp at the time the letters were sent, however, then it should identify all individuals or entities to whom it sent letters substantially similar to the May 28, 2009 letter. In this latter circumstance, Defendant's answer to Interrogatory No. 4 will be subject to the "Attorneys' Eyes Only" provisions of the Protective Order (#52) that was entered on April 5, 2010. Plaintiff's counsel can obtain a list of Incorp's clients to compare with the list of letter recipients provided by Defendant and thereby determine if any Incorp clients, other than Mr. Egert, received substantially similar letters from NCS. Plaintiff's counsel shall promptly notify Defendant's counsel of the identities of such recipients. Plaintiff's counsel may also inform his client of the identity of any recipients of the letters who were clients of Incorp at the time the letters were sent and/or received. Plaintiff's counsel, however, shall not disclose the identities of non-Incorp client recipients to Plaintiff.

In response to Plaintiff's Requests for Production 6 and 7, Defendant stated that it did not have any documents regarding Incorp or communications regarding Incorp. The Court agrees with Defendant that these requests should be limited to documents or communications in Defendant's possession, custody and control prior to the commencement of this lawsuit. The Court cannot order Defendant to produce documents or information that it does not have. To the extent that Defendant's previous responses to these requests are not correct, however, Defendant is ordered to produce any documents which it had prior to the commencement of this litigation that identify Incorp as the registered agent for recipients or intended recipients of the letters or contain information about Incorp's business, its business practices, including information relating to the

1  possibility that Incorp might discontinue providing services as a registered agent in Nevada. Such
2  documents, if they exist, are clearly relevant to determining whether Defendant targeted clients of
3  Incorp and/or whether Defendant had a factual basis for stating that the recipient's registered agent
4  might be discontinuing its services.

5        Defendant is also ordered to respond to Request for Production No. 8 by producing copies
6  of any and all letters substantially similar to the May 28, 2009 letter that were sent to other clients
7  of Plaintiff Incorp. The Court recognizes that Defendant may not be able to respond to this request
8  until Plaintiff's counsel advises it as to which recipients were Incorp clients.

9        Request for Admission No. 9, even as clarified by Defendant's March 12, 2010 letter, is
10 ambiguous. It is unclear whether the request asks Defendant to admit that it knew at the time it sent
11 the letters that the recipients were current customers of Incorp, or, alternatively, whether Defendant
12 now admits that some recipients were current customers of Incorp at the time the letters were sent.
13 Depending on how the request is construed, an affirmative response could have different liability
14 consequences, particularly on the issue of intent. The Court therefore sustains Defendant's
15 objection to the request in its current form. Plaintiff may serve an amended request for admission
16 so long as it complies with time limits for conducting discovery under the scheduling order or any
17 extension thereof.

**2.    Discovery Requests Relating to Defendant's Profits and Financial Condition**

20       Plaintiff's Request for Production Nos. 9 and 10 requested documents sufficient to show
21 Defendant's gross revenues and net profits on a monthly basis, since January 2006. Defendant
22 objected to these requests on the grounds that the requests are overly broad, burdensome and not
23 designed to lead to discoverable documents. Plaintiff articulates two grounds in support of its
24 motion to compel responses to these requests. First, Plaintiff argues that under the Lanham Act, it
25 can recover the profits that Defendant derived from its unlawful conduct. Second, Plaintiff argues
26 that it is entitled to discovery regarding Defendant's financial condition in relation to its claim for
27 punitive damages.
28 . . .

As to the first ground for Plaintiff's discovery requests, the Court will limit discovery concerning registered agent fees and profits to the fees and profits, if any, that Defendant derived from former customers of Incorp who terminated Incorp and hired Defendant as their registered agent after receiving Defendant's advertisement letters. Defendant is required to produce documents regarding such fees and profits once the identity of Incorp customers who received or likely received the advertisement letters is determined.

In regard to Plaintiff's second ground for obtaining Defendant's financial information, the Court orders Defendant to produce its federal income tax returns and any annual financial statements in its possession, custody or control from January 1, 2006 through the present. The production of such documents and information shall be subject to confidentiality provisions of the protective order in this case. Defendant shall produce its tax returns and annual financial statements on or before **June 25, 2010** unless a further extension of time is granted by agreement of the parties or court order.

### 3. Discovery Requests Relating to Defendant's Business Structure

Plaintiff's Request for Production No. 1 requests documents regarding Defendant's registration of fictitious names in the United States and Canada. Request No. 2 requests documents sufficient to show the names under which Defendant does business in the United States. Request No. 3 requests all documents regarding the formation, maintenance and/or licensing of Defendant as a business entity, including without limitation, all formation documents and filings with any governmental entity in the United States or elsewhere, including by way of example only, all filings with any secretary of state or department of corporations.

Defendant objected to these requests as overbroad, burdensome and harassing. Subject to these objections, Defendant produced a computer printout of information on file with the Nevada Secretary of State. Based on Defendant's counsel's representations at the hearing, it is the Court's understanding that NCS is a Nevada corporation with a small number of officers, directors and shareholders. Plaintiff asserts that it needs documentation about Defendant's business structure because it has information that Defendant has disregarded its corporate structure and formalities and has used alter egos to conduct its business. Plaintiff, however, does not provide any factual details

to support this assertion. The Court orders Defendant to produce its articles of incorporation, any fictitious name filings under which it does business, its county and/or city business licenses and its current list of officers and directors. Defendant shall also produce these documents on or before **June 25, 2010**. Plaintiff has not demonstrated sufficient grounds to require Defendant to produce any additional corporate or business organization records.

### 4. Discovery Requests Relating to the Identity of Defendant's Employees

Plaintiff's Request for Production No. 5 requests documents sufficient to show all of Defendant's employees and their titles, including all organizational charts. In response to this request, Defendant identified the Secretary of State Printout, which the Court assumes may list the officers or directors of the Defendant. The Court was informed at the hearing that Defendant has identified three employees in response to Plaintiff's interrogatories. To the extent that Defendant has a document or documents which identify all of its employees, it should produce such documents. A party cannot be required, however, to prepare, or cause to be prepared, documents for purposes of production or inspection. 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2210 (3rd ed. 2010); *Ascom Hasler Mailing Systems, Inc. v. U.S. Postal* Service, --- F.R.D. ---, 2010 WL 143709, at *6 (D.D.C. 2010); and *Rockwell Intern. Corp. v. H. Wolfe Iron and Metal Co.*, 576 F.Supp. 511, 513 (W.D.Pa. 1983), citing *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1, 2 (W.D.Mo. 1954). Defendant is therefore under no obligation to create a written list of employees in order to respond to this request.

### 5. Discovery Request Relating to Consumer Complaints Against Defendant

Plaintiff's Request for Production No. 11 requests all documents regarding consumer complaints about Defendant or its services. Defendant objected to this request on the grounds that it is overly broad and burdensome and is not designed to lead to discoverable documents and is intended only to harass the Defendant. The Court sustains Defendant's objection, in part, and will limit the scope of what Defendant must produce in response to this request.

Plaintiff's action is based on the assertion that the May 28, 2009 advertisement letter implied that Incorp may be discontinuing its registered agent services and leaving its clients vulnerable and at risk. *Amended Complaint (#39)*, ¶¶ 3-5. Given the scope of Plaintiff's claims,

consumer complaints about Defendant's business conduct, unrelated to statements that it allegedly made about its competitors, are irrelevant. The Court therefore limits Request No. 11 to the production of documents relating to complaints that Defendant has made derogatory or defamatory statements about its competitors. The Court orders Defendant to produce any documents in its possession, custody or control that are responsive to Request No. 11 as limited by this order.

### 6. Discovery Request for All Documents Supporting Defendant's Response to Any of Incorp's Interrogatories

Plaintiff's Request for Production No. 12 requests all documents supporting any of Defendant's Responses to any of Incorp's Interrogatories. Defendant did not object to this request, but instead simply responded that "[t]he responses speak for themselves." Rule 34(b)(1)(A) requires that the request describe with reasonable particularity each item or category of items to be inspected or produced. Given the vague nature of Request No. 12, the Court will not require Defendant to respond further to this request.

## II. DEFENDANT'S COUNTERMOTION TO COMPEL

Defendant NCS's countermotion to compel requests that Plaintiff provide information and produce documents showing that Defendant sent allegedly defamatory letters to Plaintiff's clients. Defendant's counter-motion appears to have been filed in reaction to Plaintiff's motion to compel. Prior to filing the counter-motion, Defendant's counsel did not attempt to meet and confer with Plaintiff's counsel to resolve any disputes regarding Plaintiff's discovery responses. Defendant has therefore not complied with its obligations under Fed.R.Civ.Pro. 37(a)(1) and Local Rule (LR) 26-7(b) to attempt to resolve the discovery dispute in good faith prior to filing a motion to compel. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996).

Plaintiff responded to Defendant's counter-motion by stating that Mr. Egert is the only person whom it specifically knows to have received the May 28, 2009 advertisement letter. Although Plaintiff's president stated that she received phone calls from a few other customers who reported receiving such letters, Plaintiff is unable to identify who those customers were (are). The Court therefore denies Defendant's counter-motion to compel. Plaintiff may be required, however, to supplement its discovery responses pursuant to Rule 26(e), once it obtains additional information

and documents regarding the identities of Incorp customers who allegedly received the advertisement letters.

### CONCLUSION

Based on the foregoing:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents and Further Responses to Interrogatories and Requests for Admission and Request for Sanctions (#54) is **granted**, in part, and **denied,** in part, in accordance with the foregoing provisions of this order. Defendants's Countermotion to Compel Production of Documents, Responses to Interrogatories and Requests for Admissions (#57) is **denied.** Both parties' respective requests for sanctions are **denied.**

**IT IS FURTHER ORDERED** as follows:

1. Defendant shall serve supplemental discovery responses in compliance with this Order on or before **July 2, 2010**, except as to those discovery requests that the Court has ordered it to further respond by **June 25, 2010**.

2. The discovery cut-off date in this case will be extended to **August 13, 2010** based on the likelihood that the parties will need additional time to complete discovery once the discovery responses are supplemented in accordance with this order. The Court will enter a separate scheduling order with new pretrial deadlines.

DATED this 17th day of June, 2010.

GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE