# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

INCORP SERVICES, INC.,

    Plaintiff,

vs.

NEVADA CORPORATE SERVICES, INC., a Nevada corporation; RICHARD FRITZLER,

    Defendants.

Case No. 2:09-cv-01300-GMN-GWF

**ORDER**

    This matter is before the Court on Plaintiff's Motion to Reopen Discovery, Motion to Compel Production of Documents and Further Responses to Interrogatories, and Motion for Sanctions (#73, #74, #75), filed on September 20, 2010. Defendants did not file a response to Plaintiff's motion and neither Defendants nor their counsel appeared at the hearing on November 15, 2010. Accordingly, the Court will grant Plaintiff's motions on the terms stated herein.

## BACKGROUND

    This action involves claims for defamation and violation of the Lanham Act, 15 U.S.C. §1125(a), based on allegedly false statements that Defendant Nevada Corporate Services, Inc. ("NCS") made to Plaintiff's business clients. As set forth in this Court's previous order (#64), on or about May 28, 2009, Defendants sent a letter to one of Plaintiff's customers which stated:

> As you may already know, KE INTERIM MANAGEMENT LLC's current registered agent may be discontinuing its services. Registered agents throughout the state are closing, leaving their clients vulnerable and at risk. Read on for the 8 reasons that motivate me to personally fix this problem.

    Plaintiff alleges that this letter was false and defamatory because it had no plans to discontinue its services to KE Interim Management or close its business as a registered agent. Because of the form nature of the letter, Plaintiff believed Defendants sent similar letters to its other customers and that it may have lost customers as a result of the letter. Plaintiff's concern was

somewhat confirmed by Defendants' response to Plaintiff's Interrogatory No. 5 which asked Defendants to explain in detail how the list of intended recipients of the LETTERS was created. Defendants responded to this interrogatory by stating that the list of intended recipients was created as follows:

> From a large database of businesses, a small random sampling was exported to a Microsoft Excel file. [] Defendant considered several factors, including but not limited to the business of the company and the industry in which that the [sic] company was conducting business.
> *See Order (#64)*, page 5.

In Order (#64), the Court ordered Defendant NCS to supplement its answer to Interrogatory No. 5 by providing more detail concerning the file or list of intended recipients and the manner in which the list was created. The Court also ordered Defendants to respond to Plaintiff's Interrogatory No. 4 by providing a list of all customers of Plaintiff to whom the May 28, 2009 letter or a substantially similar version was sent. If Defendants were unable to identify specific customers of Plaintiff, then Defendants were required to provide a complete list of all recipients to Plaintiff's counsel so that they could determine which, if any, of Plaintiff's customers received the letter.

The Court also ordered Defendants to respond to Requests for Production of Documents Nos. 6 and 7 and produce any documents that it had in its possession prior to the commencement of this lawsuit that identified Plaintiff as the registered agent for the intended recipients of the letters or contained information about Plaintiff's business, including information about the possibility that Plaintiff might discontinue its services. Defendants were also ordered to respond to Requests for Production of Documents Nos. 9 and 10 and produce records relating to the fees and profits that the Defendants derived from former customers of Plaintiff who hired Defendants as their resident agent after receiving the advertisement letters. Defendants were also required to produce its federal income tax returns and annual financial statements from 2006 to the present.

The Court further ordered Defendants to respond to Requests for Production of Documents Nos. 1 and 2 by providing its articles of incorporation, any fictitious name filings, city or county business licenses and its current lists of officers and directors. The Court ordered Defendants to respond to Request for Production of Documents No. 5 by providing any existing document(s) which lists its employees. Finally, the Court ordered Defendants to respond to Request for

Production of Documents No. 11 by producing any documents relating to complaints that Defendants have made derogatory or defamatory statements about NCS's competitors.

After Order (#64) was entered, Defendant NCS served a "Third Supplement to Its Responses to Plaintiff's First Set of Requests for Production" which contained the first page of Defendant NCS's federal income tax returns for the years 2006 through 2009. The supplement also included a list of 391 names and addresses, which was described as the "mailing list of those that were sent the letter in question." Because all of the addresses on the list are in the State of Georgia, Plaintiff questions whether it is a complete list of all persons to whom the letters were sent. Defendants did not provide any other documents or supplemental answers to interrogatories as it was directed to do in Order (#64).

During June 2010, Plaintiff also attempted to schedule the depositions of Defendants' officers, employees and Rule 30(b)(6) deponent. On June 25, 2010, however, Defendants' counsel moved to withdraw from the case and the motion to withdraw was granted on July 15, 2010. Plaintiff deferred attempting to notice or re-notice of the depositions of Defendants' personnel until they retained new counsel. Defendants did not retain new counsel until August 18, 2010, five days after the discovery cut-off, when attorney Joslyn LaMadrid filed notice of her appearance as counsel for Defendants. *Notice of Appearance of Counsel (#70)*. Plaintiff's counsel spoke to Ms. LaMadrid on August 19, 2010 to discuss the expiration of the discovery deadline and other issues. Ms. LaMadrid stated that she was not prepared to discuss the case at that time. Mr. Schwarz followed up with Ms. LaMadrid on August 25th, but she was still not ready to discuss the case because she had not received the file from Defendants' former counsel and had not heard back from her clients on their position. Mr. Schwarz again spoke with Ms. LaMadrid on September 9th. She again advised that she had still not been able to obtain the file from former counsel. Mr. Schwarz sent a letter to Ms. LaMadrid on September 16, 2010 outlining Plaintiff's counsel's position regarding the deficient discovery responses, the deposition schedule and the expired discovery period. Ms. LaMadrid did not respond to Mr. Schwarz letter. *See Motion (#73), Declaration of Joel Z. Schwarz*, ¶¶ 23-26. Plaintiff's counsel informed the Court at the hearing that Plaintiff's counsel have had no further communication with Defendants' counsel since filing the subject motions on

September 20, 2010.

## **DISCUSSION**

### 1. **Motion to Re-Open Discovery.**

Local Rule (LR) 26-4 provides that motions or stipulations to extend discovery must be filed no later than 20 days before the discovery cut-of date and must be supported by a showing of good cause. LR 6-1(b) states that where a request for extension is made after the expiration of the specified time period, the party seeking the extension must also demonstrate that the failure to act before the expiration was the result of excusable neglect. Although the Plaintiff could have moved for an extension of the discovery prior to the expiration of the cut-off date, given that Defendants' former counsel was permitted to withdraw in mid-July and Defendants did not retain new counsel until after the discovery cut-off date, the Court will grant Plaintiff's request to reopen discovery for a limited period of time. Accordingly, the Court will reopen discovery until January 31, 2011 to permit Plaintiff to complete its discovery.

### 2. **Motion to Compel Production of Documents and Further Responses to Interrogatories and Request for Sanctions.**

Defendants appear to have only partially complied with Order (#64) by providing the first page of NCS's 2006-2009 federal income tax returns and in providing a list of recipients of the advertisement letter which may or may not be a complete list. Defendants have not complied with Order (#64) in regard to the other interrogatory or requests for production. Defendants are therefore ordered to further supplement NCS's answers to interrogatories and responses to requests for production of documents in full compliance with Order (#64). Because Defendants have not made a reasonable or good faith effort to comply with the Court's discovery order, Plaintiff is entitled to an award of expenses, including reasonable attorney's fees, pursuant to Fed.R.Civ.Pro. 37(b)(2)(C). Based on their failure to comply with the Court's previous order or to respond to Plaintiff's instant motion, Defendants are hereby warned that if they continue to disobey or fail to comply with the Court's order, more severe sanctions will be imposed, including the granting of additional monetary sanctions and/or a recommendation that Defendants' answers be stricken and their default entered, and that a default judgment be granted against them. Accordingly,

**IT IS HEREBY ORDERED** that Motion to Reopen Discovery, Motion to Compel Production of Documents and Further Responses to Interrogatories, and Motion for Sanctions (#73, #74, #75) is **granted** as follows:

1. Discovery is reopened for purposes of allowing Plaintiff to complete its remaining discovery. The following discovery plan and scheduling order dates shall apply:

    a. Last date for Plaintiff to complete remaining discovery: **January 31, 2011**

    b. Last date to file dispositive motions: **March 2, 2011**

    c. Last date to file joint pretrial order: **April 1, 2011**.

2. Defendants are hereby ordered to fully comply with the Court's Order (#64);

3. Plaintiff is entitled to an award of reasonable attorney's fees and costs incurred in pursuing the instant motion. Counsel for Plaintiff shall, no later than fourteen (14) days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

4. Counsel for Defendants shall have fourteen (14) days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

5. Counsel for Plaintiff shall have seven (7) days from service of the responsive memorandum in which to file a reply.

6. Defendants are hereby cautioned that continued failure to comply with Order (#64) and or this order will result in the imposition of more severe sanctions as set forth above.

. . .

**IT IS FURTHER ORDERED** that the trial and calendar call dates are hereby vacated and will be reset upon submission of the proposed Joint Pretrial Order.

DATED this 17th day of November, 2010.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge