GORDON SILVER
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
Email: brichardson@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
JOHN H. GUTKE
Nevada Bar No. 10062
Email: jgutke@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NEVADA CORPORATE SERVICES, INC., a Nevada corporation, RICHARD FRITZLER, an individual, and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Case No. 2:09-cv-01300-RCJ-GWF<br><br>**PLAINTIFF'S MEMORANDUM OF ATTORNEYS' FEES FOR MOTION TO REOPEN DISCOVERY** |

Pursuant to the Court's Order of November 17, 2010 granting Plaintiff Incorp Services, Inc. ("Plaintiff")'s Motion to reopen discovery, modify the dates listed in the current scheduling order, compel further discovery responses from Defendant Nevada Corporate Services, Inc. ("NCS") and sanctions ("the Motion"), Plaintiff hereby submits the following memorandum of attorneys' fees and costs incurred in pursuing the Motion.

…

…

…

…

## MEMORANDUM OF ATTORNEYS' FEES AND COSTS

### A. Itemization and Description of Work Performed

The following is an itemized summary of work performed by Plaintiff's counsel on the Motion. Further detail is provided in the billing records appended to the supporting Declaration of John H. Gutke. (Decl. of John H. Gutke in Support of Plaintiff's Memorandum of Attorneys' Fees and Costs for Motion to Reopen Discovery ["Gutke Decl."], Ex. A & B.)

***1. Meet-and-confer efforts.*** As outlined more fully in the Motion, Plaintiff's counsel engaged in several attempts to meet and confer with NCS's attorneys in an effort to resolve the discovery and scheduling issues identified in the Motion outside of Court. On August 19, 2010, Plaintiff's counsel called NCS's counsel to engage in a telephonic meet-and-confer. (Gutke Decl. ¶ 3.) NCS's counsel represented that she had not yet received the case file from NCS's former attorneys and required additional time to bring herself up to speed on the case history. (*Id.*) Plaintiff's counsel agreed to allow her some time for this purpose. (*Id.*) In addition, Plaintiff's counsel sent NCS's counsel copies of pleadings and discovery conducted to date. (*Id.* ¶ 5.)

On September 16, 2010, Plaintiff's counsel sent NCS's counsel a meet-and-confer letter detailing more fully Plaintiff's concerns about NCS's discovery responses, the scheduling of Plaintiff's depositions and the close of discovery, to which NCS never responded. (*Id.* ¶ 6.)

***2. Drafting the Motion and all Supporting Documentation.*** Plaintiff's counsel drafted the Motion along with a supporting declaration of counsel. (Gutke Decl., ¶7.) The Motion addressed four separate issues: (1) the need to reopen discovery, (2) the need to compel further discovery responses from NCS, (3) the need to modify the scheduling order, and (4) the need to sanction NCS for their conduct. Accordingly, Plaintiff's counsel conducted legal research into each of these distinct areas. (*Id.*)

In an effort to keep costs down, the bulk of the research and drafting work was performed by a junior associate at the law firm of Kronenberger Burgoyne, LLP, which represents Plaintiff in several other matters and which has provided legal support on this case due to the firm's familiarity with the facts and issues at hand. (*Id.*) The associate's work was reviewed and revised by more senior counsel prior to filing. (*Id.*)

1        ***3. Appearance at the November 15, 2010 hearing.*** As the Court is aware, Plaintiff's counsel prepared for and attended the November 15, 2010 hearing on the Motion. (Gutke Decl., ¶ 8.). Nobody appeared at the hearing on behalf of NCS.

      **B.**    **Identity of Attorneys and Staff Members Performing the Work**

      The following is a list of attorneys and other staff members who performed work related to the Motion:

      Bradley J. Richardson is a shareholder at Gordon Silver. He is admitted to practice law in Nevada and Kansas and has nearly thirty (30) years of experience practicing civil and commercial litigation. His customary fee is $475.00 per hour. (Gutke Decl. Ex. A.)

      Joel Z. Schwarz is an associate attorney at Gordon Silver. He has six (6) years of experience practicing civil litigation. His customary fee is $275.00 per hour. (*Id.*)

      John H. Gutke is an associate attorney at Gordon Silver. He four (4) years of experience practicing civil litigation. His customary fee is $250.00 per hour. (*Id.*)

      Hank Burgoyne is a partner at Kronenberger Burgoyne. He has eleven years of experience practicing civil litigation, including substantial experience litigating defamation actions. His customary fee is $435.00 per hour. (*Id.* Ex. B.)

      Jeffrey Rosenfeld is a senior associate attorney at Kronenberger Burgoyne. He has eight years of experience practicing civil litigation. His customary fee is $350.00 per hour. (*Id.*)

      Virginia Sanderson is an associate attorney at Kronenberger Burgoyne. She has five years of experience practicing civil litigation. Her customary fee is $295.00 per hour. (*Id.*)

…

C.  **Conclusion**

In total, Plaintiff incurred **$7,838.51** in attorneys' fees in researching, drafting, filing the Motion and attending the November 15, 2010 hearing thereon. Said fees and costs are reasonable given the breadth of issues addressed in the motion. Accordingly Plaintiff respectfully requests the Court to order NCS to pay Plaintiff's fees and costs in the foregoing amount.

DATED this 1ST day of December, 2010.

GORDON SILVER

_____
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
JOEL Z. SCHWARZ
Nevada Bar No. 9181
JOHN H. GUTKE
Nevada Bar No. 10062
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
Attorneys for Plaintiff