# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA CORPORATE SERVICES, INC., a Nevada corporation; RICHARD FRITZLER, <br><br> Defendants. | Case No. 2:09-cv-01300-GMN-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff Incorp Services, Inc.'s Memorandum of Attorney's Fees for Motion to Reopen Discovery (#80) and Declaration of John H. Gutke in Support of Plaintiff's Memorandum of Attorneys' Fees for Motion to Reopen Discovery (#81), filed December 1, 2010. To date, no response has been filed to Plaintiff's memorandum and the time for opposition has now expired.

## BACKGROUND

This matter arises out of Plaintiff's repeated efforts to obtain discovery from Defendant Nevada Corporate Services ("NCS"). (*See* #64, 73-75 and 77). On June 17, 2010, the Court granted Plaintiff's Motion to Compel (#54) in part and ordered Defendant to provide additional documents, including any consumer complaints against NCS, documents related to NCS's business structure, financial records and other communications. (*See* #64). After several months, Plaintiff filed an additional motion to compel (#74) and motion for sanctions (#75), stating that NCS had failed to comply with the Court's Order (#64). At a November 15, 2010 hearing on the matter, the Court found that Defendant only partially complied with Order (#64) as it had not supplemented its responses to the interrogatories and requests for production as ordered by the Court. (*See Mins. of Proceedings*, #77). As a result, the Court ordered Defendant to further supplement NCS's answers to interrogatories and responses to requests for production of documents in full compliance with

Order (#64). (*See* #77). In addition, the Court awarded Plaintiff expenses, including reasonable attorney's fees, pursuant to Fed.R.Civ.P. 37(b)(2)(C).

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff Incorp Services, Inc. requests reimbursement of attorneys' fees and costs at the following hourly rates: $475 an hour for the time of Bradley J. Richardson, Esq. based on Mr. Richardson's 30 years of litigation experience and position as a shareholder at the law firm of Gordon Silver; $435 an hour for the time of Hank Burgoyne, Esq. based on Mr. Burgoyne's eleven (11) years of litigation experience, substantial experience in defamation actions and his position as a partner at Kronenberger Burgoyne; $350 an hour for the time of Jeffrey Rosenfeld, Esq. based on his eight (8) years of civil litigation experience and position as a senior associate attorney at Kronenberger Burgoyne; $295 an hour for the time of Virginia Sanderson based on her five (5) years of civil litigation experience and position as an associate attorney; $275 for the time of Joel Z. Schwarz, Esq., which is based on Mr. Schwarz's six (6) years of civil litigation experience as an

associate attorney; and $250 per hour for the time of John H. Gutke, Esq. based on Mr. Gutke's four (4) years of civil litigation experience as an associate attorney. (#80 at 3).

After reviewing Plaintiff's Memorandum of Costs and Fees and the declaration of John H. Gutke, Esq., the Court finds that the plaintiff has failed to offer sufficient evidence that $475 and $435 an hour in the Las Vegas legal market is reasonable, even for attorneys of such significant experience as Mr. Richardson and Mr. Burgoyne. The Court further finds that Plaintiff has failed to establish a reasonable hourly rate that Plaintiff should be able to charge for Mr. Richardson and Mr. Burgoyne's time. Drawing upon its own experience in considering the prevailing market rate, the Court therefore finds that a reasonable hourly fee in 2011 for the services of Mr. Richardson and Mr. Burgoyne is $400 per hour. In regard to the hourly fee for Mr. Rosenfeld, Ms. Sanderson, Mr. Schwarz and Mr. Gutke's time, the Court finds that Plaintiff has offered sufficient evidence that an hourly fee ranging between $250 - $350 an hour based on the associate's level of experience is reasonable for experienced associates in the Las Vegas legal market.

Plaintiff requests reimbursement for 28.6 hours of attorney work based on time spent in preparing Plaintiff's motion to reopen discovery, request to modify the dates listed in the scheduling order, motion to compel and motion for sanctions (#73) and time spent appearing before the Court on these matters. (#80). The records submitted by Plaintiff confirm that significant time was spent drafting the motions and appearing at the hearing. (#81-1; 81-2). Based on the attorney hours billed, Plaintiff requests an award of fees in the amount of $7,838.51. (#80).

However, Plaintiff has not demonstrated that this work justifies 28.6 hours of attorney labor. The Court recognizes, however, that Plaintiff would have spent a reasonable amount of time researching and preparing the motions and appearing at the hearing on these matters. Based on its own review of the pleadings, the affidavit of Mr. Gutke and the exhibits, the Court finds that Plaintiff's calculation of 28.6 hours of attorney labor is excessive. The Court finds that the work involved should reasonably take around 20 hours of total attorney labor.

As a result, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the plaintiff in the amount of $5,350.00. The relevant Kerr factors are subsumed

in this calculation of the reasonable attorneys' fees and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Nevada Corporate Services, Inc. is ordered to pay Plaintiff Incorp Services, Inc. the total sum of **$5,350.00**. Defendant is further ordered to make the payment to Plaintiff by **March 10, 2011**.

DATED this 18th day of February, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge