2:09-cv-1300-GMN-GWF          INCORP SERVICES, INC.

                              V.
                              NEVADA CORPORATE SERVICES,
                              INC.

# PLAINTIFF HEARING EXHIBIT RE:

## MOTION FOR DEFAULT JUDGMENT (82)
## AND MOTION FOR SANCTIONS (84)

### JUNE 9, 2011, 1:30 PM



**JZS Joel Z. Schwarz**

| | |
|---|---|
| **From:** | Joslyn LaMadrid [jjlamadrid@gmail.com] |
| **Sent:** | Tuesday, June 29, 2010 2:13 PM |
| **To:** | JZS Joel Z. Schwarz |
| **Subject:** | Contact Information |

Joel,

It was nice speaking with you today, and congratulations again on the baby.  My contact information is below.  As I discussed with you, I would appreciate any information regarding the Incorp. case, in order to advise NCS of upcoming events.

We will talk again soon.  Thanks.

Regards,

Joslyn LaMadrid
6600 W. Charleston, Suite 117
Las Vegas, NV 89146
(702)232-4786-cell
(702)658-9388-fax

jjlamadrid@gmail.com

## JZS Joel Z. Schwarz

| | |
|---|---|
| **From:** | JZS Joel Z. Schwarz |
| **Sent:** | Tuesday, June 29, 2010 2:39 PM |
| **To:** | 'Joslyn LaMadrid' |
| **Cc:** | Anna Dang |
| **Subject:** | RE: Contact Information |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Yellow |
| **Attachments:** | 955442.pdf; 962566.pdf; 946891.pdf; 946892.pdf; 946899.pdf; 946890.pdf |

Joslyn,

Attached please find the Court's recent Order compelling the production of certain documents, the Notices for upcoming depositions, and the Motion to Withdraw filed by Chris Reade's office.

> **From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
> **Sent:** Tuesday, June 29, 2010 2:13 PM
> **To:** JZS Joel Z. Schwarz
> **Subject:** Contact Information
>
> Joel,
>
> It was nice speaking with you today, and congratulations again on the baby.  My contact information is below.  As I discussed with you, I would appreciate any information regarding the Incorp. case, in order to advise NCS of upcoming events.
>
> We will talk again soon.  Thanks.
>
> Regards,
>
> Joslyn LaMadrid
> 6600 W. Charleston, Suite 117
> Las Vegas, NV 89146
> (702)232-4786-cell
> (702)658-9388-fax
>
> jjlamadrid@gmail.com

## JZS Joel Z. Schwarz

| | |
|---|---|
| **From:** | Joslyn LaMadrid [jjlamadrid@gmail.com] |
| **Sent:** | Thursday, September 09, 2010 11:28 AM |
| **To:** | JZS Joel Z. Schwarz |
| **Subject:** | Incorp |

Joel,

I have been unable to retrieve the file from the former attorney's and was wondering if you could scan and send me the pleadings in the case, and any discovery requests and responses. That would really help me, and then I can be able to have meaningful conversations with you regarding this case. Thanks so much!

By the way, are you a daddy yet?

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

# Gordon Silver

**Attorneys and Counselors at Law**

3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89169.5978
T: 702.796.5555 • F: 702.369.2666 • www.gordonsilver.com

Joel Z. Schwarz, Esq.
Email: jschwarz@gordonsilver.com

September 9, 2010

**VIA HAND DELIVERY**

Joslyn LaMadrid, Esq.
Attorney at Law
6600 W. Charleston, Suite 117
Las Vegas, NV 89147

Re:   Incorp Services, Inc. v. Nevada Corporate Services, Inc.
      Case No.: 09-cv-1300-RCJ-GWF
      Our File No.: 102162-001.06

Dear Joslyn:

Enclosed, please find a disk containing the pleadings and discovery file in the above-referenced matter.

Should you have any questions, please feel free to contact me.

Sincerely,

GORDON SILVER

JOEL Z. SCHWARZ

JZS/ad

Enclosure

102162-001.06/:016205

**Phoenix Office**
40 North Central Avenue • Suite 2100 • Phoenix, Arizona 85004
T: 602.256.0400 • F: 602.256.0345 • www.gordonsilver.com

## JZS Joel Z. Schwarz

**From:**     jjlamadrid@gmail.com
**Sent:**     Thursday, September 09, 2010 5:59 PM
**To:**       JZS Joel Z. Schwarz
**Subject:** Re: Incorp

That is my oldest daughter's birthday. Thank you.

Sent from my Verizon Wireless BlackBerry

---

**From:** "JZS Joel Z. Schwarz" <jschwarz@gordonsilver.com>
**Date:** Thu, 9 Sep 2010 14:30:28 -0700
**To:** Joslyn LaMadrid<jjlamadrid@gmail.com>
**Cc:** Anna Dang<ADang@GordonSilver.com>
**Subject:** RE: Incorp

I am sending over a disk.

Baby not due until November 5.

---

**From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
**Sent:** Thursday, September 09, 2010 11:28 AM
**To:** JZS Joel Z. Schwarz
**Subject:** Incorp

Joel,

I have been unable to retrieve the file from the former attorney's and was wondering if you could scan and send me the pleadings in the case, and any discovery requests and responses. That would really help me, and then I can be able to have meaningful conversations with you regarding this case. Thanks so much!

By the way, are you a daddy yet?

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are

hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

***FEDERAL TAX ADVICE DISCLAIMER***
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

Joel Z. Schwarz, Esq.
Gordon Silver
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Tel: 702.796.5555
Fax: 702.369.2666
E-mail: jschwarz@gordonsilver.com



**Gordon Silver**

Attorneys and Counselors at Law

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information intended only for Joslyn LaMadrid,Anna Dang. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555 and ask to speak to Joel Schwarz, Esq. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

6/9/2011

# Gordon  Silver

Attorneys and Counselors at Law

September 16, 2010

Joslyn LaMadrid, Esq.
6600 West Charleston
Suite 117
Las Vegas, Nevada 89147
jjlamadrid@gmail.com

VIA FIRST CLASS MAIL AND E-MAIL

     Re:   Incorp v. NCS, Case No. 2:09-cv-01300-GMN-GWF
            Our File Number: 102162-001.06

Dear Joslyn

     Please find enclosed a draft of Plaintiff Incorp Services Inc. ("Plaintiff")'s Motion to Reopen Discovery, Motion  to Compel Production of Documents and Further Responses to Interrogatories, and Motion for Sanctions.  By this document, Plaintiff seeks to reopen discovery in the above-referenced case, asks the Court to again compel Defendants Nevada Corporate Services, Inc. and Richard Fritzler (collectively, "Defendants") to provide sufficient responses to Plaintiff's discovery requests, requests Plaintiff's attorneys' fees, and leaves the door open for the Court to impose any other sanctions as it sees fit.  We intend to file this motion and its supporting papers by the end of this week unless Defendants first agree to provide the documentation Plaintiff requests, to put Plaintiff's previously noticed depositions back on schedule, and to reimburse Plaintiff for its attorneys' fees incurred in the process.  If we can secure such an agreement, we will redraft the enclosed motion as a joint motion to reopen discovery and modify the scheduling order.

     I understand that you have experienced difficulty gathering the case file and other information necessary to bring yourself up to speed on the case and wish that we could give you as much time as you need to do so.  However, Plaintiff's discovery dispute with your clients has continued for over ten months and the fact that the discovery period has already expired requires us to file this motion without waiting any longer.

**Gordon Silver**

Attorneys and Counselors at Law

September 16, 2010
Page 2

Please contact me at your earliest convenience to discuss the issues stated in Plaintiff's draft motion. If Defendants have no intention of complying with Plaintiff's requests, please let me know as soon as possible so we can proceed with filing.

Very truly yours,

GORDON SILVER

JOEL Z. SCHWARZ, ESQ.

JZS/vlt

102162-001.06/1029267.doc

1 GORDON SILVER
BRADLEY J. RICHARDSON
2 Nevada Bar No. 1159
Email: brichardson@gordonsilver.com
3 JOEL Z. SCHWARZ
Nevada Bar No. 9181
4 Email: jschwarz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
5 Las Vegas, Nevada 89169
Tel: (702) 796-5555
6 Fax: (702) 369-2666
Attorneys for Plaintiff Incorp Services, Inc.
7

8               UNITED STATES DISTRICT COURT
9                    DISTRICT OF NEVADA
10

11
INCORP SERVICES, INC., a Nevada          Case No. 2:09-cv-01300-RCJ-GWF
12 corporation,
13                                        **PLAINTIFF'S NOTICE OF MOTION
                                          AND MOTION TO REOPEN
14           Plaintiff,                   DISCOVERY, MOTION TO COMPEL
                                          PRODUCTION OF DOCUMENTS AND
15      vs.                               FURTHER RESPONSES TO
                                          INTERROGATORIES , AND MOTION
16 NEVADA CORPORATE SERVICES, INC.,       FOR SANCTIONS; MEMORANDUM
   a Nevada corporation, RICHARD          OF POINTS AND AUTHORITIES**
17 FRITZLER, an individual, and DOES 1-10,
   inclusive,
18
19           Defendant.
20
21
22
23
24
25
26
27
28
**PLAINTIFF'S MTN. TO REOPEN
                                           DISCOVERY**

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE that Plaintiff Incorp Services Inc. will move the Court for an order (1) reopening discovery, (2) modifying the dates listed in the current scheduling order pursuant to Local Rule 26-4, (3) compelling further responses from Defendant Nevada Corporate Services, Inc. to Plaintiff's written discovery requests pursuant to the Court's Order of June 17, 2010 and Federal Rule of Civil Procedure 37, and (4) sanctioning Defendants pursuant to Federal Rules of Civil Procedure 16 and 37, Local Rule 4-1 and the Court's inherent sanctioning power. Plaintiff's motion to reopen discovery and modify the scheduling order is made on the ground that, as a result of Defendants' conduct, Plaintiff was unable to complete discovery prior to the discovery cut-off date.  Plaintiff's motion to compel is made on the grounds that the requested discovery is relevant to the subject matter of the action and that Defendants' disobedience of the Court's discovery order is willful and without substantial justification.  Plaintiff's motion for sanctions is made on the grounds that Defendants' conduct has caused Plaintiff to incur unnecessary attorney's fees and costs and has prejudiced Plaintiff's investigation of its claims.

This Motion is brought based on this notice, the memorandum of points and authorities set forth below, the declaration of Joel Z. Schwarz, all pleadings on file in this case, and such further evidence and arguments that may be presented prior to or at the hearing on this Motion.

DATED: September ___, 2010            **GORDON SILVER**

By: _____

JOEL Z. SCHWARZ
Nevada Bar No. 9181
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555

Attorneys for Plaintiff

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  INTRODUCTION

3      Plaintiff Incorp Services, Inc. ("Plaintiff") and Defendant Nevada Corporate Services, Inc.

4   ("NCS") compete in providing registered agent services to business entities.  Defendant Richard

5   Fritzler ("Fritzler") is the President of NCS (collectively, "Defendants").  On or around May 29,

6   2009, Defendants drafted and sent defamatory letters to Plaintiff's clients, which falsely stated that

7   Plaintiff "may be discontinuing" its registered agent services, leaving its clients "vulnerable and at

8   risk." (Complaint ¶¶ 3, 17.) The letters included several other false insinuations that Plaintiff's

9   clients could be victims of Plaintiff's "lack of service and professionalism." (*Id.* at ¶ 20.)  The

10   harm to Plaintiff from these false statements was immediate and significant.

11      Throughout the case, Defendants have defied the Court's orders, frustrated Plaintiff's

12   discovery efforts, and otherwise engaged in dilatory conduct.  Defendants' behavior has prolonged

13   discovery disputes over a ten-month period and prevented Plaintiff from completing discovery and

14   conducting depositions prior to the discovery cut-off date.  Defendants failed to comply with the

15   Court's June 17, 2010 Order (Doc. No. 64) compelling NCS to supplement its responses to certain

16   of Plaintiff's interrogatories and requests for production of documents.  Defendants also failed to

17   comply with the Court's July 15, 2010 Order (Doc. No. 67) requiring Defendants to advise the

18   Court whether they would retain new counsel.  The fact that Defendants were unrepresented for

19   over a month prevented Plaintiff from obtaining the supplemental discovery responses, as ordered,

20   and from deposing Defendants and their employees before the August 13, 2010 discovery cut-off

21   date.

22      Plaintiff has made every effort to extend the requisite professional courtesy to Defendants'

23   new counsel as she familiarizes herself with the case. However, the expired discovery period and

24   fast-approaching deadlines for dispositive motions and filing of the parties' joint pre-trial order

25   require Plaintiff to seek immediate relief from the Court by requesting:  (1) that the Court reopen

26   discovery; (2) that the Court modify the dates listed in its June 17, 2010 scheduling order as

27   requested herein; (3) that the Court compel further supplemental responses from NCS to

28   Plaintiff's interrogatories and requests for production of documents as requested herein; and (4)

2              **PLAINTIFF'S MTN. TO REOPEN DISCOVERY**

1  that the Court sanction Defendants according to the request for attorneys' fees and other relief as

2  stated herein.

## II. BACKGROUND

**A.  NCS's Insufficient Discovery Responses**

Having visited this same issue in the past, the Court is familiar with the procedural history surrounding Plaintiff's written discovery requests to NCS. By way of summary:

1) On December 2, 2009, Plaintiff served (by U.S. Mail) its first set of requests for admission, requests for production of documents and interrogatories on NCS. (Declaration of Joel Z. Schwarz in Support of Plaintiff's Motion to Compel ("Schwarz Decl.") ¶¶2-4.)

2) NCS objected and responded to the interrogatories and requests for admission on December 23, 2009, but failed to serve timely responses to the requests for production. (*Id.* ¶¶5-6.) In addition, NCS did not verify its interrogatory responses. (*Id.* ¶5.)

3) On January 29, 2010, Plaintiff filed its first Motion to Compel further responses and documents by NCS, (Doc. No. 28). After communicating with Defendants about an exhibit to the requests that Defendants claimed they did not receive, Plaintiff withdrew the motion on February 4, 2010. (*See* Doc. Nos. 32 & 33.)

4) After Plaintiff's attempts to informally resolve the issue with Defendants again failed, Plaintiff filed its second Motion to Compel on May 24, 2010. (Doc. No. 56.) A hearing before the Magistrate Judge was held on June 15, 2010.

5) On June 17, 2010, the Court issued it order, compelling NCS to serve supplemental responses to Plaintiff's Interrogatories Nos. 4 and 5 and Plaintiff's Requests for Production of Documents Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10 and 11. (Doc. No. 64 [the "June 17 Order"].) The Court ordered NCS to produce certain business records and financial documents by June 25, 2010 and the remainder of the supplemental responses and documents by July 2, 2010. (*Id.* at 12, ¶ 1.)

6) Also on June 17, the Court revised the scheduling order, extending the discovery cut-off date to August 13, 2010, the deadline for filing dispositive motions to September 13, 2010,

1    and the deadline for filing the joint pretrial order to October 13, 2010. (Doc. No. 65 [the

2    "June 17 Scheduling Order"].)

3        Despite the Court's Order to NCS to produce its articles of incorporation, its fictitious

4    name filings, business licenses, a current list of its officers and directors, tax returns and annual

5    financial statements by June 25, 2010 (June 17 Order at 9–10, 12 ¶ 1), NCS failed to produce any

6    such documents by that date. (Schwarz Decl. ¶ 8 .) On July 2, 2010, NCS did provide Plaintiff

7    with its Third Supplement to Its Response to Plaintiff's First Set of Request for Production of

8    Documents ("the Supplement"). (*Id.* ¶ 10.) Attached to the Supplement were (1) the first page of

9    NCS's federal income tax returns for the years 2006 through 2009 and (2) a fifteen-page list of

10   391 names and addresses ("the Mailing List"). (*Id.* ¶ 10, Ex. A.)  The Supplement identifies the

11   Mailing List as a "Mailing list of those that were sent the letter in question." (*See* Section IV.B.2,

12   *infra*.) All of the addresses on the Mailing List are located in the State of Georgia. (Schwarz Decl.

13   ¶ 10, Ex. A.)

14       NCS's incomplete responses in the Supplement fall short of what the Court required in the

15   June 17 Order and thereby remain inadequate.   In addition, NCS has not supplemented its

16   responses to Plaintiff's Interrogatories Nos. 4 and 5 as required by the Court. (*Id.* ¶ 9.) Finally, to

17   date, Defendants have not produced any articles of incorporation, fictitious name filings, business

18   licenses, names of its officers and directors, complete tax returns or annual financial statements.

19   (*Id.*, ¶ 8.)

20   **B.    Defendants' Evasion of Plaintiff's Depositions**

21       On June 8, 2010, Plaintiff properly noticed and subpoenaed depositions of Defendants and

22   their employees, namely Fritzler, the Federal Rule of Civil Procedure 30(b)(6) Representative for

23   NCS, Kayla Korbalee and Michelle Perry. (*Id.* ¶¶ 11–14 .)  The depositions were scheduled to

24   take place on July 7 and 8, 2010 at the Las Vegas offices of Plaintiff's counsel.  (*Id.*)  At the

25   request of Defendants, Plaintiff postponed these depositions to August 12 and 13, 2010. (*Id.* ¶¶

26   19–21.)

27

28

1       In the meantime, Plaintiff produced its own employees for deposition without problem.

2 On June 24, 2010, Defendants deposed Karolyn Knight, Tracy Gerber and Tennie Sedlacek. (*Id.*

3 ¶¶ 15–18.)

4       On June 25, 2010, <u>only one day</u> after Defendants completed their depositions of Plaintiff's

5 employees, but before Plaintiff had conducted its own depositions, the law firm of Reade and

6 Associates moved to withdraw as counsel for Defendants. (Doc. No. 66 at 3.) The Court granted

7 the motion on July 15, 2010. (Doc No. 67.) The Court gave Defendants until August 3, 2010 to

8 advise the Court whether they intended to retain new counsel, noting that NCS, as a corporate

9 entity, could not proceed in the litigation without representation. (*Id.*) Once again, Defendants

10 failed to respond by the Court's deadline, causing the Court to issue an Order to Show Cause why

11 sanctions should not be imposed for their failure. (Doc. No. 68.)

12       Plaintiffs were unable to take the depositions scheduled for August 12 and 13 because, at

13 the time, Defendants were not represented by counsel. (Schwarz Decl. ¶ 22.)

14       On August 18, 2010, five days after the discovery cut-off date, Defendants retained new

15 counsel. (Doc. No. 70.)

16       **III. CERTIFICATION OF EFFORTS TO MEET AND CONFER**

17       Plaintiff's attorneys have made multiple attempts to meet and confer with Defendants' new

18 counsel regarding Defendants' deficient discovery responses and the scheduling of Plaintiff's

19 depositions. (Schwarz Decl. ¶¶ 23–26.) On August 19, 2010, Plaintiff's counsel called

20 Defendants' counsel to engage in a telephonic meet-and-confer. (*Id.* ¶ 23.) Defendants' counsel

21 represented that she had not yet received the case file from Reade and Associates and required

22 additional time to bring herself up to speed on the case history. (*Id.*) Plaintiff's counsel agreed to

23 allow her some time for this purpose. (*Id.*) In addition, Plaintiff's counsel sent Defendants'

24 counsel copies of pleadings and discovery conducted to date. (*Id.* ¶ 25.)

25       On September 16, 2010, Plaintiff's counsel sent Defense counsel a meet-and-confer letter

26 detailing more fully Plaintiff's concerns about Defendant's discovery responses, the scheduling of

27 Plaintiff's depositions and the close of discovery. (*Id.* ¶ 26, Ex. B.) To date, Plaintiff has not

28 received a response to this letter. (*Id.*)

1

**IV. ARGUMENT**

2   A.     **The Court should reopen discovery and extend the deadlines in the June 17**
3          **Scheduling Order.**

4          Plaintiff makes the instant request to reopen discovery and extend the dates in the July 17
5   Scheduling Order pursuant to Local Rule 26-4.

6          Plaintiff is aware that Local Rule 6-1(b) requires all requests for extension of any Court
7   deadline to be made prior to that deadline "unless the moving party, attorney, or other person
8   demonstrates that the failure to act was the result of excusable neglect." Here, Plaintiff's failure to
9   move the Court for an extension of the August 13, 2010 discovery cut-off date prior to August 13
10  is excusable given that Defendants were unrepresented and unresponsive in the weeks before and
11  after the discovery cut-off date.

12         When Reade and Associates withdrew as Defendants' counsel, the case went into litigation
13  limbo. Plaintiff expected Defendants to quickly obtain new representation. Defendants' failure to
14  do so created a predicament for Plaintiff. It appeared that Defendants might default—and if they
15  did, it was in Plaintiff's interest to avoid incurring unnecessary legal fees for a motion to reopen
16  discovery. *Cf. Cranford v. Underhill*, No. 03:06-CV-00111-LRH-GWF, 2007 WL 3256880 at *1
17  (D. Nev., Nov. 2, 2007) (holding that earlier likelihood of settlement and party's desire to save
18  unnecessary costs constituted "excusable neglect" under Local Rule 6-1(b) for request to reopen
19  discovery made after the cut-off date). Similarly, succeeding on such a motion before Defendants
20  obtained new counsel would have been of no practical benefit to Plaintiff because Friztler, *in pro*
21  *per*, refused to communicate with Plaintiff and, as the Court noted in its Order of July 15, 2010,
22  NCS was powerless to participate in the proceedings without counsel. (Doc. No. 67 [citing *United*
23  *States v. High Country Broad. Co., Inc.*, F.3d 1244, 1245 (9th Cir. 1993)].) For these reasons, the
24  Court should excuse Plaintiff's failure to make the instant request prior to August 13, 2010 and
25  deem it timely.

26         1.     **Statement of discovery completed**

27         As of the date of this motion, the parties have completed the following discovery:

28

a) Plaintiff's First Set of Requests for Production of Documents to NCS, served November 23, 2009;

b) Plaintiff's First Set of Interrogatories to NCS, served November 23, 2009;

c) Plaintiff's First Set of Requests for Admission to NCS, served November 23, 2009;

d) NCS's Responses to Plaintiff's First Set of Requests for Admission to NCS, served December 23, 2009;

e) NCS's Responses to Plaintiff's First Set of Interrogatories, served December 23, 2009;

f) NCS's First Set of Interrogatories to Plaintiff, served January 7, 2010;

g) NCS's First Set of Requests for Admission to Plaintiff, served January 7, 2010;

h) NCS's First Set of Requests for Production of Documents to Plaintiff, served January 7, 2010;

i) NCS's Responses to Plaintiff's First Set of Requests for Production of Documents to NCS, served January 11, 2010;

j) Plaintiff's Responses to NCS's First Set of Interrogatories to Plaintiff, served February 9, 2010;

k) Plaintiff's Responses to NCS's First Set of Requests for Admission to Plaintiff, served February 9, 2010;

l) Plaintiff's Responses to NCS's First Set of Requests for Production of Documents to Plaintiff, served February 9, 2010;

m) NCS's First Supplement to Responses to Plaintiff's First Set of Requests for Admission, served March 10, 2010;

n) NCS's First Supplement to Responses to Plaintiff's First Set of Interrogatories, served March 10, 2010;

o) NCS's First Supplement to Responses to Plaintiff's First Set of Requests for Production of Documents, served March 10, 2010;

p) Plaintiff's First Supplement to Responses to NCS's First Set of Requests for Production of Documents, served April 30, 2010;

q) NCS's Second Supplement to Responses to Plaintiff's First Set of Requests for Production of Documents, served June 2, 2010;

r) Defendants' deposition of Karolyn Knight on June 24, 2010;

s) Defendants' deposition of Tracy Gerber on June 24, 2010;

t) Defendants' deposition of Tennie Sedlacek on June 24, 2010; and

u) NCS's Third Supplement to Responses to Plaintiff's First Set of Requests for Production of Documents, served July 2, 2010.

2.  **Description of discovery that remains to be completed**

As of the date of this motion, the following discovery remains to be completed:

a) Plaintiff's deposition of Friztler;

b) Plaintiff's deposition of the Federal Rule of Civil Procedure 30(b)(6) representative for NCS;

c) Plaintiff's deposition of NCS employee Michelle Perry;

d) Plaintiff's deposition of NCS employee Kayla Korbalee;

e) NCS's Second Supplement to Responses to Plaintiff's First Set of Interrogatories, as required by the June 17 Order;

f) Further supplement by NCS to Responses to Plaintiff's First Set of Requests for Production of Documents, as required by the June 17 Order; and

g) Any further discovery deemed necessary by Plaintiff as a result of information gathered through the discovery described above in subsections a) through f).

3.  **Reasons why discovery remaining was not completed within the time limits set by the June 17 Scheduling Order**

Good cause exists for reopening discovery. Fed. R. Civ. P. 16(b). A court's evaluation of good cause to extend the deadlines in a scheduling order "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

1    Plaintiff's efforts to obtain NCS's supplemental responses and to depose the necessary
2    persons prior to the August 13 discovery cut-off date have been consistent and diligent.   As
3    outlined above, Defendants' refusal to comply with various Court orders regarding discovery and
4    counsel prevented Plaintiff from completing the remaining discovery before the August 13, 2010
5    cut-off date. Plaintiff should not be punished for Defendant's evasive and obstructive behavior.

6    Accordingly, Plaintiff requests that the Court reopen discovery without limitation for an
7    additional three (3) months.  In the alternative, Plaintiff requests that the Court reopen discovery
8    for a reasonable period of time for the limited purpose of permitting Plaintiff to (a) obtain NCS's
9    complete supplemental responses as compelled by the Court in its June 17 Order and (b) to depose
10   Defendants and their agents and employees previously noticed and subpoenaed by Plaintiff.

11           **4.      Proposed schedule**
12   Plaintiff proposes the following changes to the June 17 Scheduling Order:
13   a)   That the last date to complete discovery be extended to **December 17, 2010**;
14   b)   That the last date to file dispositive motions be extended to **January 18, 2010**; and
15   c)   That the last date to file the joint pretrial order be extended to **February 17, 2010**, with
16           the provision that, in the event dispositive motions are filed, the date for filing the joint
17           pretrial order shall be suspended until 30 days after a decision of the dispositive
18           motions.

19  **B.      The Court should compel NCS to supplement its discovery responses and produce**
20  **further documents pursuant to the June 17th Order**

21   A party seeking discovery may move for an order compelling an answer if a party fails to
22   answer an interrogatory submitted under Rule 33.  Fed. R. Civ. Proc. 37(a)(3)(B)(iii).  Evasive or
23   incomplete responses must be treated as a failure to answer or respond.   Fed. Civ. Proc.
24   37(a)(4).  The party who resists discovery has the burden to show that discovery should not be
25   allowed, and has the burden of clarifying, explaining, and supporting its objections. *Directv, Inc.*
26   *v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002), citing *Blankenship v. Hearst Corp.*, 519 F.2d 418,
27   429 (9th Cir. 1975).

28

1    Here, Plaintiff has already prevailed on a motion to compel, but NCS has not complied

2  with the Court's June 17th Order.  Plaintiff requires the supplemental responses and documents

3  addressed in the June 17th Order in order to proceed with the case and take meaningful

4  depositions.

5        1.    **NCS has not supplemented its responses to Interrogatories Nos. 4 and 5 as**

6              **required by the June 17 Order.**

7    All of Plaintiff's claims relate to the defamatory letters sent by Defendants to Plaintiff's

8  clients.  In its interrogatories, Plaintiff asked Defendant to describe with specificity the creation,

9  drafting, sending and receipt of the letters.

10    **Interrogatory No: 4:** IDENTIFY every intended recipient of THE LETTERS.

11    **Response to Interrogatory No: 4:** Answering Defendant objects to the Interrogatory

12  insofar as it asks for Answering Defendant to identify multiple letters but has only identified a

13  single letter as attached hereto as Exhibit "A". Therefore Answering Defendant is limiting its

14  response to the letter which has been attached as Exhibit "A". Furthermore Answering Defendant

15  is uncertain of the meaning of the term "intended" beyond to whom the letter is addressed.

16  Without waiving the foregoing objections, Answering Defendant responds Klaus Egert.

17    **Interrogatory No: 5:** Explain in detail how the list of intended recipients of THE

18  LETTERS was created.

19    **Response to Interrogatory No: 5:** Answering Defendant objects to the Interrogatory

20  insofar as it asks for Answering Defendant to identify multiple letters but has only identified a

21  single letter as attached hereto as Exhibit "A". Furthermore Answering Defendant is uncertain of

22  the meaning of the term "intended" beyond to whom the letter is addressed.  From a large

23  database of businesses, a small random sampling was exported to a Microsoft Excel file.

24  Answering Defendant considered several factors, including but not limited to the location of the

25  company and the industry in which that [sic] the company was conducting business.

26    In the June 17 Order, the Court compelled NCS to supplement its responses to these

27  interrogatories.  As to Interrogatory No. 4, the Court said:

28

         To the extent that NCS knows or can determine from its own records that Incorp was the registered agent for the recipients of the advertisement letters, then it may and should respond to Interrogatory No. 4 by providing a list of those recipients. If NCS is unable to determine whether the recipients were represented by Incorp at the time the letters were sent, however, then it should identify all individuals or entities to whom it sent letters substantially similar to the May 28, 2009 letter.

(June 17 Order at 7.) As to Interrogatory No. 5, the Court agreed that "Defendant's description of the Microsoft Excel file is sketchy" and ordered NCS to supplement its answer "by providing more detail concerning the file or list of recipients or intended recipients and the manner in which the file or list was created, including the 'several factors' Defendant considered in creating the file or list." (*Id.* at 6–7.)

       The Court gave NCS until July 2, 2010 to supplement its responses to these interrogatories. To date, NCS has not supplemented its responses. While NCS did provide the Mailing List of Georgia addresses, that list was produced with NCS's third supplement to its responses to Plaintiff's request for production of documents. Without further information from NCS, Plaintiff has no way of knowing if the data on the Mailing List is also responsive to Interrogatory No. 4 and, if so, whether it is a complete response. From the face of the document—*i.e.* a limited list of Georgia addresses—it is not credible that this document contains the complete list or recipients of the letters at issue. Regarding Interrogatory No. 5, NCS has not provided any further detail regarding the creation of its file or list of recipients.

     **2.**   **NCS's supplemental document production does not comply with the June 17 Order.**

       In the June 17 Order, the Court required NCS to produce  articles of incorporation, its fictitious name filings, business licenses, a current list of its officers and directors, tax returns and annual financial statements by June 25, 2010 (June 17 Order at 9–10, 12 ¶ 1). Not only did NCS fail to produce any such documents by June 25, but to date NCS has not produced them, with the exception of the first page of each of NCS's federal income tax returns for the years 2006 through 2009.

1    Indeed, the only thing of substance that NCS produced in the Supplement is the fifteen-

2   page Mailing List of Georgia addresses.  Yet this list raises more questions than it answers, most

3   significantly whether it is an accurate list of recipients.

4    Plaintiff's request for production of documents regarding the letters is as follows:

5    **Request for Production No. 8:** ALL DOCUMENTS REGARDING or otherwise

6   supporting THE LETTERS.

7    In January 2010, NCS initially responded:

8    **Response to Request for Production No. 8:** Objection, Answering Defendant is unsure to

9   what "LETTERS" are being referred to in this request.

10   In NCS's June 2, 2010 supplement, NCS removed the objection and changed the response

11  to:

12   **Response to Request for Production No. 8:** None.

13   In the June 17 Order, the Court chastised NCS for these responses and noted that "Plaintiff

14  is entitled to discover from Defendant whether it sent substantially similar letters to other clients

15  of Incorp which stated that the recipient's 'current registered agent may be discontinuing its

16  services' or similar words to that effect." (June 17 Order at 6.) The Court ordered NCS to

17  supplement its response to this request "by producing copies of any and all letters substantially

18  similar to the May 28, 2009 letter that were sent to other clients of Plaintiff." (*Id.* at 8.) NCS did

19  not produce these copies.  Rather, it supplemented its response as follows and attached the fifteen-

20  page Mailing List:

21   **Response to Request for Production No. 8:**

| Document | Bate No(s): |
|---|---|
| Mailing list of those that were sent the letter in question. | NCS00005–NCS00019 |

24   Despite NCS's claim, both common sense and Defendants' history of evading the truth

25  suggest that the Mailing List is not a complete list of those to whom Defendants sent the letters.

26  Plaintiff and NCS are competing *Nevada* corporations. The list includes only *Georgia* addresses.

27  (*See* Schwarz Decl., Ex. A.)  Defendants have been given ample opportunity to explain the

28  specifics of their mailing list, through discovery as well as motions and hearings before this Court,

1   and at no point have they claimed that the letters only went out to a small group of people in

2   Georgia. (*See, e.g.*, NCS's response to Interrogatory No. 5, quoted *supra* in Section III.B.1, where

3   Defendants contend they took a random sampling from "a large database of businesses" but not

4   Georgia businesses.) Throughout the case, Plaintiff has admitted to knowing of the letter sent to

5   Klaus Egert in Georgia. (*See, e.g.*, June 17 Order at 2.) It therefore follows that Defendants pared

6   down their actual mailing list, making sure to include Klaus Egert, in a fraudulent attempt to

7   reduce Plaintiff's damages.

8          If Defendants contend that the Mailing List produced to Plaintiff is not a complete list,

9   then, once again, Defendants have blatantly defied the June 17 Order. If Defendants claim it is

10  complete, then reason suggests they falsified the evidence. Either way, Defendants have violated

11  the entire canon of good faith conduct required of litigants.

12  **C.     The Court should sanction Defendants for failing to comply with Court orders and**

13         **for engaging in obstructionist and dilatory behavior.**

14         As detailed above, Defendants have routinely ignored Court orders, refused to participate

15  in the discovery process, refused to respond to Plaintiff's attempts to meet and confer on particular

16  issues and possibly fabricated evidence. Accordingly, Plaintiff requests reimbursement of the

17  attorneys' fees it incurred in bringing this motion as well as any other sanctions as the Court sees

18  fit.

19         Ample authority supports the sanctioning of Defendants. Federal Rule of Civil Procedure

20  37 ("Rule 37") authorizes sanctions for NCS's disobedience of the June 17 Order. Federal Rule of

21  Civil Procedure 16(f)(1)(C) ("Rule 16") authorizes the Court to sanction Defendants for failing to

22  obey a pretrial or scheduling order. Both Rules 16 and 37 permit an award of Plaintiff's

23  attorney's fees in addition to other sanctions, including the construing of evidence in Plaintiff's

24  favor and entry of default judgment. Local Rule 4-1(d) allows sanctions for failure to comply with

25  any order of the Court. Finally, of course, the Court has an inherent power to issue sanctions

26  against parties for willful disobedience of a court order or other bad faith conduct that disrupts

27  litigation. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent

28  sanctioning power coexists with any other available sanctions. *Id.*

1        **1.     The Court should award Plaintiff its attorneys' fees.**

2            Federal Rule of Civil Procedure 37(a)(5)(A) authorizes the Court to award attorneys' fees

3    to a party forced to bring a motion to compel. *See Freeman v. San Diego Ass'n of Realtors*, 322

4    F.3d 1133, 1156 (9th Cir. 2003). If the party disobeys a court's order compelling discovery, "the

5    court *must* order the disobedient party, the attorney advising that party, or both to pay the

6    reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C)

7    (emphasis added).

8            The Court should award Plaintiff the attorneys' fees and costs it incurred in bringing this

9    motion because NCS's continued failure to respond to the written discovery at issue is without

10   substantial justification and made in bad faith. In fact, NCS's refusal to comply with the June 17

11   Order reveals an obvious effort to obstruct and thwart the letter and spirit of the discovery process.

12   Given NCS's behavior, an award of attorneys' fees is appropriate.

13       **3.     The Court should also sanction Defendants under Rule 37(b)(2)(A).**

14           Rule 37 permits the Court to direct that matters embraced in the June 17 Order "be taken

15   as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P.

16   37(b)(2)(A)(i). Similarly, the Rule gives the Court the ability to prohibit Defendants from

17   "supporting or opposing designated claims or defenses, or from introducing designated matters in

18   evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Finally, and most drastically, the Court may render

19   default judgment against Defendants. Fed. R. Civ. P. 37(b)(2)(A)(vii). Rule 16 authorizes these

20   same sanctions for Defendants' failure to comply with a scheduling or pretrial order by

21   incorporating Rule 37(b)(2)(A)(i)–(v) by reference. Fed. R. Civ. P. 16(f)(1). Plaintiff asks the

22   Court to sanction Defendants under one of the Rule 37(b) alternatives as the Court sees fit.

23           One option is for the Court to sanction Defendants by construing, in Plaintiff's favor, the

24   issue of how many clients Plaintiff lost as a result of Defendants' defamatory letter. Fed. R. Civ.

25   P. 37(b)(2)(A)(i) and (ii). Such a sanction must relate to the specific issue at stake in the June 17

26   Order. *Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707

27   (1982) (considering former, yet substantially similar, version of Rule 37(b)(2)(A)(i)). Due to

28   Defendants' refusal to provide truthful discovery responses, Plaintiff has been unable to determine

Case No. 2:09-cv-01300-RCJ-GWF                    14          **PLAINTIFF'S MTN. TO REOPEN
                                                               DISCOVERY**

1  how many clients it lost as a result of Defendants' letters.  Specifically, Defendants have (1)

2  refused to produce a complete list of recipients of the defamatory letter, (2) refused to provide a

3  meaningful explanation of how it generated the list, and (3) refused to provide financial

4  documents that would permit Plaintiff to investigate any financial benefit to Defendants resulting

5  from the letter.  Moreover, Plaintiff has been unable to address these questions via deposition of

6  Defendants and their employees because Defendants have refused to cooperate in their scheduling.

7  For these reasons, the Court should consider taking "as established for purposes of the action" the

8  fact that any client Plaintiff lost between May 29, 2009 and December 31, 2009 was as a direct

9  and proximate result of Defendants' letter regarding Plaintiff.

10  Defendants' production of the Mailing List supports such a sanction.  For the reasons

11  described above, Plaintiff believes the Mailing list to be a falsified and an incomplete record of the

12  intended recipients of Defendants' defamatory letter, and the Court is warranted, under Rule

13  37(b), to conclude likewise.  *In Prof. Seminar Consultants, Inc. v. Sino Amer. Tech. Exchange*

14  *Council*, 727 F.2d 1470, 1471–73 (9th Cir. 1984), the district court magistrate judge determined

15  that defendants falsified documents produced in response to his order compelling discovery.  The

16  court entered default judgment and awarded the plaintiff punitive damages totaling $400,000. *Id.*

17  The defendants claimed they were entitled to an evidentiary hearing on the documents, but the

18  Ninth Circuit disagreed, holding that the magistrate acted within the discretion granted by Rule

19  37(b). *Id.* Thus, the Court should prohibit Defendants from supporting its defenses or opposing

20  Plaintiff's claims by introducing the Mailing List into evidence as a complete list of the addressees

21  of the defamatory letter. Fed. R. Civ. P. 37(b)(2)(A)(ii).

22  Plaintiff has been substantially prejudiced by Defendants' refusal to answer Plaintiff's

23  written discovery with any substance, refusal to meaningfully participate in the meet and confer

24  process, refusal to comply with the June 17 Order compelling supplemental responses to portions

25  of Plaintiff's written discovery, and evasion of Plaintiff's deposition of key parties and witnesses.

26  Defendants' behavior has caused Plaintiff's discovery dispute with Defendants to drag on for over

27  ten months, has required Plaintiff to file several motions to compel, has necessitated the extension

28  of the discovery deadline on several occasions, and has prevented Plaintiff from completing its

1  depositions before the August 13 deadline.   The prejudice to Plaintiff is clear—Defendants'

2  behavior has prevented Plaintiff from investigating its claims.  See, e.g., *Wanderer, supra*, 910

3  F.2d at 656 (finding the existence of prejudice palpable where "the failures of the defendants to

4  appear at their depositions, which were compounded by repeated noncompliance with court orders

5  to produce documents constituted a clear interference with the plaintiffs' ability to prove the

6  claims and to obtain a decision in the case.")

7         As to the issue of less severe alternatives, the Court must decide whether imposition of one

8  of the lesser sanctions described above would sufficiently convince Defendants to begin litigating

9  in good faith.  See, e.g., *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d

10 1091, 1096 (9th Cir. 2007) ("The sub-parts of [this] factor are whether the court has considered

11 lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the

12 possibility of case-dispositive sanctions.") Plaintiff does not believe that it would.

13                              **V.  CONCLUSION**

14        For all of the reasons set forth above, the Court should grant Plaintiff's Motion (1) to

15 reopen discovery, (2) to modify the dates listed in its June 17, 2010 scheduling order, (3) to

16 compel further supplemental responses from NCS to Plaintiff's interrogatories and requests for

17 production of documents pursuant to the June 17 Order, and (4) to sanction Defendants by

18 awarding Plaintiff its fees and costs in bringing this Motion and by taking any other of the Rule

19 37(b) sanctioning measures that the Court deems fit.

20

21 DATED: September ___, 2010            **GORDON SILVER**

22                                      By: _____

23                                      JOEL Z. SCHWARZ
                                        Nevada Bar No. 9181
24                                      BRADLEY J. RICHARDSON
                                        Nevada Bar No. 1159
25                                      3960 Howard Hughes Pkwy., 9th Floor
                                        Las Vegas, Nevada 89169
26                                      Tel: (702) 796-5555

27                                      Attorneys for Plaintiff

28

# Gordon Silver

**Attorneys and Counselors at Law**

3960 Howard Hughes Parkway, Ninth Floor, Las Vegas, Nevada 89169.5978
T: 702.796.5555 · F: 702.369.2666 · www.gordonsilver.com

Joel Z. Schwarz, Esq.
Email: jschwarz@gordonsilver.com

September 27, 2010

VIA EMAIL: jjlamadrid@gmail.com
and U.S. MAIL

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, Nevada 89147

Re:    Incorp Services, Inc. v. Nevada Corporate Services, Inc.
Case No. 09-cv-1300-RCJ-GWF
Our File No.: 102162-001.06

Dear Joslyn:

It has come to our attention that false and defamatory statements were published about Incorp Services, Inc. ("Incorp") during the week of September 20th. Incorp intends to pursue full legal recourse against the person(s) responsible for this misconduct. To the extent you, your clients, or their agents possess any documents or things regarding any statements about Incorp made or published during the week of September 20th, please be advised that you are under an obligation to preserve such documents and things.

If you have any questions about this issue, please do not hesitate to contact me at (702) 796-5555.

Sincerely,

GORDON SILVER

JOEL Z. SCHWARZ

**Phoenix Office**
102162-001.06/1035270  40 North Central Avenue · Suite 2100 · Phoenix, Arizona 85004
T: 602.256.0400 · F: 602.256.0345 · www.gordonsilver.com

**Joslyn J. LaMadrid, Esq.**

Post Office Box 2743 Carson City, NV  89702
Contact No. (702) 232-4786
Email: jjlamadrid@gmail.com



# *FAX COVER SHEET*

| TO:  Joel Schwarz | FROM:  Joslyn LaMadrid |
|---|---|
| DATE: 10/08/2010 | NO. OF PAGES: 1 |
| FAX NO.: (702)369-2666 | PHONE: (702)796-5555 |
| FILE NO: | RE:  Incorp. V. NCS et. al |

NOTES:  Please call with any questions.  Thanks.  Again, my temporary # is 542-3396.  Thank you for your prompt attention to this matter.

**CONFIDENTIAL INFORMATION**
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

**FEDERAL TAX ADVICE DISCLAIMER**
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

**Joslyn J. LaMadrid, Esq.**

6600 West Charleston, Suite 117, Las Vegas Nevada 89146
Contact No. (702) 232-4786
Email: jjlamadrid@gmail.com

August 20, 2010

Joel Z. Schwarz
Gordon & Silver
3960 Howard Hughes Pkwy
Ninth Floor
Las Vegas, NV 89169

VIA FAX (702)794-4421

     Re:    My Client:    Nevada Corporate Services, Inc.

Mr. Schwarx:

    This letter is in response to your correspondence dated September 27, 2010, in which you allege defamatory statements were published during the week of Septemeber 20th. Firt, I am not sure what statements you are referring to. Secondly, I am assuming you are referring to statements made September 20th of this year, of which is ambiguous. Please provide in order for me to better assess the situation for me to advise my clients

    Should you have any questions, please do not hesitate to contact the undersigned in order to discuss. Thank you in advance for your prompt attention to this matter.

               Sincerely,

               Joslyn J. LaMadrid, Esq.

# Gordon Silver

Attorneys and Counselors at Law

SCANNED

## Facsimile Transmittal Sheet

| | |
|---|---|
| Date: | December 9, 2010 |
| To: | Joslyn LaMadrid, Esq. |
| Facsimile No.: | (702) 658-9388 |
| Telephone No.: | |
| From: | Joel Z. Schwarz, Esq. |
| File No.: | 102162-001.06 |
| Subject: | Incorp v. NCS, Case No. 2:09-cv-01300-RCJ-GWF |
| Number of pages incl. cover page: | 16 |

DEC 0 9 2010

☒ Please see attached    ☐ Per your request    ☐ For your review
☐ Please review, sign and return    ☐ Please acknowledge receipt    ☐ For your information or records

Message:    Attached, please find the following:

Amended Notice of Deposition of Richard Fritzler
Amended Notice of Deposition of Michelle Perry
Amended Notice of Deposition of Kayla Korbalee
Amended Notice of Deposition of FRCP 30(b)(6) Representative of NCS

The following pages are confidential communications intended only for the person or persons named above. If you are not that person, or the employee or agent responsible for the delivery of the following information, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us by mail. We will gladly reimburse your telephone and postage expenses.

102162-001.06/1088573

1
2
3
4
5
6
7

**NDEP**
GORDON SILVER
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
Email: brichardson@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Plaintiff Incorp Services, Inc.

8

9      **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11   INCORP SERVICES, INC., a Nevada            Case No. 2:09-cv-01300-RCJ-GWF
12   corporation,

13                            Plaintiff,        **AMENDED NOTICE OF DEPOSITION
                                                OF FRCP 30(b)(6) REPRESENTATIVE
14             vs.                              OF NEVADA CORPORATE SERVICES,
                                                INC.**
15   NEVADA CORPORATE SERVICES, INC., a
     Nevada corporation, RICHARD FRITZLER, an
16   individual, and DOES 1-10, inclusive,

17                            Defendant.

18

19   TO ALL PARTIES IN INTEREST:

20          PLEASE TAKE NOTICE that on the 19th of January, 2011, at 1:00 p.m., at the law offices

21   of Gordon Silver, 3960 Howard Hughes Parkway, 9th Floor, Las Vegas, NV 89169, Plaintiff and

22   Counter-Defendant, Incorp Services, Inc. ("Incorp"), by and through counsel, the law firm of

23   Gordon Silver, will take the stenographic deposition of the FRCP 30(b)(6) Representative of

24   Defendant Nevada Corporate Services, Inc. upon oral examination pursuant to Federal Rules of

25   Civil Procedure ("FRCP") 26 and 30, before a Notary Public, or before some other officer

26   authorized by law to administer oaths.

27   ...

28   ...

102162-001.06/1088355                    1        AMENDED NOTICE OF DEPO. OF FRCP
                                                   30(b)(6) REP. OF NEVADA CORP. SERVICES

1    The deponent shall designate one or more officers, directors, or managing agents, or other

2  persons who consent to testify on its behalf concerning matters described in Attachment A.

3    The oral examination will continue from day to day until completed.  You are invited to

4  attend and cross-examine.

5    DATED this ⟨⟩ day of December, 2010.

6                                          GORDON SILVER

7

8                                          BRADLEY J. RICHARDSON
                                           Nevada Bar No. 1159
9                                          JOEL Z. SCHWARZ
                                           Nevada Bar No. 9181
10                                         Nevada Bar No.
                                           3960 Howard Hughes Pkwy., 9th Floor
11                                         Las Vegas, Nevada 89169
                                           (702) 796-5555
12                                         Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Nevada Corporate Services, Inc. ("Defendant") must designate one or more officers, directors, or managing agents to testify as to the information known or reasonably available to Plaintiff Incorp Services, Inc. on the following topics.

**DEFINITIONS**

1.  "YOU" "YOU" and "YOUR," as used herein mean and include Nevada Corporate Services, Inc., and all persons acting on its behalf, including without limitation all past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.  "FRITZLER" as used herein means and includes Richard Fritzler, a party to this litigation, and Richard Fritzler's employees, representatives, consultants, partners, independent contractors, agents and attorneys, and/or ANY PERSON working on Richard Fritzler's behalf.

3.  "THIRD PARTY" as used herein means and includes ANY PERSON other than YOU or FRITZLER, including, without limitation and in the broadest sense possible, customers, employees, or vendors.

4.  "PERSON" or "PERSONS" means and includes ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

5.  "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.  "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 and include without limitation the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form, in any medium, whether in final or draft.

7.  "EACH" means each and every.

AMENDED NOTICE OF DEPO. OF FRCP
30(b)(6) REP. OF NEVADA CORP. SERVICES

8.    As used herein, the singular form of a noun or pronoun will include within its
meaning the plural form of a noun or pronoun, and vice versa: the use of the masculine form of a
pronoun will include within its meaning the feminine form of the pronoun, and vice versa; the use
of the tense of any verb will include all other tenses of the verb so used; in the use of "and" will
include "or" and vice versa.

**TOPICS**

1.    YOUR collection of DOCUMENTS undertaken to satisfy YOUR discovery
obligations.

2.    YOUR preparation of responses to Plaintiff's First Set of Interrogatories.

3.    YOUR preparation of responses to Plaintiff's First Set of Requests for Admission.

4.    YOUR preparation of responses to Plaintiff's First Set of Requests for Production.

5.    YOUR corporate structure, including YOUR relationship with ANY sibling
companies or ANY predecessors.

6.    YOUR revenues and profits for the past three years.

7.    YOUR advertising and/or promotion through direct mailings and letters.

8.    The contents of ALL of YOUR promotional direct mailings and letters sent
between April 2009 and June 2009.

9.    The recipients of ALL of YOUR promotional direct mailings and letters sent
between April 2009 and June 2009.

10.    ALL inquiries and/or responses YOU received to ALL letters in response to YOUR
promotional direct mailings and letters sent between April 2009 and June 2009.

11.    YOUR creation and sending of the letter attached hereto as Exhibit A.

12.    The facts supporting the statements contained in the letter attached hereto as
Exhibit A.

13.    YOUR creation and sending of ALL letters substantially similar to the letter
attached hereto as Exhibit A.

14.    The recipients of ALL letters substantially similar to the letter attached hereto as
Exhibit A.

1      15.    ALL inquiries and/or responses YOU received to letters substantially similar to the

2   letter attached hereto as Exhibit A.

3      16.    YOUR creation and sending of ALL letters that contained the statement, "current

4   registered agent may be discontinuing its services."

5      17.    The recipients of ALL letters YOU created and/or sent that contained the

6   statement, "current registered agent may be discontinuing its services."

7      18.    ALL inquiries and/or responses YOU received to ALL letters YOU created and/or

8   sent that contained the statement, "current registered agent may be discontinuing its services."

9      19.    YOUR creation and sending of ALL letters that contained the statement,

10  "Registered agents throughout the state are closing, leaving their clients vulnerable and at risk."

11     20.    The recipients of ALL letters YOU created and/or sent that contained the

12  statement, "Registered agents throughout the state are closing, leaving their clients vulnerable and

13  at risk."

14     21.    ALL inquiries and/or responses YOU received to ALL letters YOU created and/or

15  sent that contained the statement, "Registered agents throughout the state are closing, leaving their

16  clients vulnerable and at risk."

17     22.    The facts supporting YOUR allegations in YOUR Answer to the First Amended

18  Complaint.

19     23.    The facts supporting YOUR allegations in YOUR First through Nineteenth

20  Affirmative Defenses.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Gordon Silver, hereby certifies that on the 9th day of December, 2010, she served a copy of the **Amended Notice of Deposition of the FRCP (30)(b)(6) Representative of Nevada Corporate Services, Inc.,** by facsimile, and by placing said copy in an envelope, postage fully prepaid, in the U.S. Mail at Las Vegas, Nevada, said envelope addressed to:

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, Nevada 89147
Fax: (702) 658-9388

Attorney for Defendants

_____
Anna Dang, an employee of
GORDON SILVER

1   **NDEP**
    **GORDON SILVER**
2   **BRADLEY J. RICHARDSON**
    Nevada Bar No. 1159
3   Email:  brichardson@gordonsilver.com
    **JOEL Z. SCHWARZ**
4   Nevada Bar No. 9181
    Email:  jschwarz@gordonsilver.com
5   3960 Howard Hughes Pkwy., 9th Floor
    Las Vegas, Nevada 89169
6   Tel:  (702) 796-5555
    Fax:  (702) 369-2666
7   Attorneys for Plaintiff Incorp Services, Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  INCORP SERVICES, INC., a Nevada          Case No. 2:09-cv-01300-RCJ-GWF
    corporation,
12
                                             **AMENDED NOTICE OF DEPOSITION**
13                   Plaintiff,              **OF KAYLA KORBALEE**

14          vs.

15  NEVADA CORPORATE SERVICES, INC., a
    Nevada corporation, RICHARD FRITZLER, an
16  individual, and DOES 1-10, inclusive,

17                   Defendant.

18

19  TO ALL PARTIES IN INTEREST:

20          PLEASE TAKE NOTICE that on the 18th of January, 2011, at 9:00 a.m., at the law offices

21  of Gordon Silver, 3960 Howard Hughes Parkway, 9th Floor, Las Vegas, NV 89169, Plaintiff and

22  Counter-Defendant, Incorp Services, Inc. ("Incorp"), by and through counsel, the law firm of

23  Gordon Silver, will take the stenographic deposition of Kayla Korbalee upon oral examination

24  pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 30, before a Notary Public, or

25  before some other officer authorized by law to administer oaths.

26  ...

27  ...

28  ...

102162-001.06/1088354                    1        AMENDED NOTICE OF DEPO. OF K.
                                                   KORBALEE

1         The oral examination will continue from day to day until completed.   You are invited to

2    attend and cross-examine.

3         DATED this ͻᴸ day of December, 2010.

4                                     GORDON SILVER

5

6                                     BRADLEY J. RICHARDSON
                                 Nevada Bar No. 1159

7                                     JOEL Z. SCHWARZ
                                 Nevada Bar No. 9181

8                                     Nevada Bar No.
                                 3960 Howard Hughes Pkwy., 9th Floor

9                                     Las Vegas, Nevada 89169
                                 (702) 796-5555

10                                    Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

               2        AMENDED NOTICE OF DEPO. OF K.
                                              KORBALEE

1

## CERTIFICATE OF SERVICE

2       The undersigned, an employee of Gordon Silver, hereby certifies that on the _9th_ day of

3   December, 2010, she served a copy of the **Amended Notice of Deposition of Kayla Korbalee**,

4   by facsimile, and by placing said copy in an envelope, postage fully prepaid, in the U.S. Mail at

5   Las Vegas, Nevada, said envelope addressed to:

6   Joslyn LaMadrid, Esq.
7   6600 West Charleston, Suite 117
    Las Vegas, Nevada 89147
8   Fax: (702) 658-9388

9   Attorney for Defendants

10

11

12   _____
                                        Anna Dang, an employee of
13                                      GORDON SILVER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NDEP**
GORDON SILVER
BRADLEY J. RICHARDSON
Nevada Bar No. 1159
Email: brichardson@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Plaintiff Incorp Services, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CORPORATE SERVICES, INC., a Nevada corporation, RICHARD FRITZLER, an individual, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:09-cv-01300-RCJ-GWF<br><br>**AMENDED NOTICE OF DEPOSITION OF DEFENDANT RICHARD FRITZLER** |

TO ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on the 19th of January, 2011, at 9:00 a.m., at the law offices of Gordon Silver, 3960 Howard Hughes Parkway, 9th Floor, Las Vegas, NV 89169, Plaintiff and Counter-Defendant, Incorp Services, Inc. ("Incorp"), by and through counsel, the law firm of Gordon Silver, will take the stenographic deposition of Defendant Richard Fritzler upon oral examination pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 30, before a Notary Public, or before some other officer authorized by law to administer oaths.

...

...

...

102162-001.06/1088353

1

AMENDED NOTICE OF DEPO. OF DEFENDANT R. FRITZLER

1        The oral examination will continue from day to day until completed.  You are invited to

2    attend and cross-examine.

3        DATED this ɤ_ day of December, 2010.

4                            GORDON SILVER

5

6                            BRADLEY J. RICHARDSON

                        Nevada Bar No. 1159

7                            JOEL Z. SCHWARZ

                        Nevada Bar No. 9181

8                            Nevada Bar No.

                        3960 Howard Hughes Pkwy., 9th Floor

9                            Las Vegas, Nevada 89169

                        (702) 796-5555

10                           Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **NDEP**
GORDON SILVER
2 | BRADLEY J. RICHARDSON
Nevada Bar No. 1159
3 | Email: brichardson@gordonsilver.com
JOEL Z. SCHWARZ
4 | Nevada Bar No. 9181
Email: jschwarz@gordonsilver.com
5 | 3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
6 | Tel: (702) 796-5555
Fax: (702) 369-2666
7 | Attorneys for Plaintiff Incorp Services, Inc.

8

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

11 | INCORP SERVICES, INC., a Nevada
corporation,                                   Case No. 2:09-cv-01300-RCJ-GWF
12 |
**AMENDED NOTICE OF DEPOSITION**
13 |                              Plaintiff,      **OF MICHELLE PERRY**

14 |          vs.

15 | NEVADA CORPORATE SERVICES, INC., a
Nevada corporation, RICHARD FRITZLER, an
16 | individual, and DOES 1-10, inclusive,

17 |                              Defendant.

18

19 | TO ALL PARTIES IN INTEREST:

20 |        PLEASE TAKE NOTICE that on the 18th of January, 2011, at 1:00 p.m., at the law offices

21 | of Gordon Silver, 3960 Howard Hughes Parkway, 9th Floor, Las Vegas, NV 89169, Plaintiff and

22 | Counter-Defendant, Incorp Services, Inc. ("Incorp"), by and through counsel, the law firm of

23 | Gordon Silver, will take the stenographic deposition of Michelle Perry upon oral examination

24 | pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 30, before a Notary Public, or

25 | before some other officer authorized by law to administer oaths.

26 | ...

27 | ...

28 | ...

102162-001.06/1088352                    1          **AMENDED NOTICE OF DEPO. OF M. PERRY**

1         The oral examination will continue from day to day until completed.  You are invited to

2    attend and cross-examine.

3         DATED this ___ day of December, 2010.

4                                GORDON SILVER

5

6                                BRADLEY J. RICHARDSON

7                                Nevada Bar No. 1159
                            JOEL Z. SCHWARZ

8                                Nevada Bar No. 9181
                            Nevada Bar No.

9                                3960 Howard Hughes Pkwy., 9th Floor
                            Las Vegas, Nevada 89169

10                               (702) 796-5555
                            Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JZS Joel Z. Schwarz

| | |
|---|---|
| **From:** | Anna Dang |
| **Sent:** | Monday, December 13, 2010 9:59 AM |
| **To:** | 'jjlamadrid@gmail.com' |
| **Cc:** | JZS Joel Z. Schwarz |
| **Subject:** | Incorp v. NCS |

**Attachments:** Letter to Joslyn LaMadrid.pdf

Correspondence dated December 13, 2010 is attached.

-Anna Dang
Assistant to Joel Z. Schwarz, Esq.

# Gordon Silver

**Attorneys and Counselors at Law**

December 13, 2010

**VIA EMAIL: jjlamadrid@gmail.com**
**and U.S. MAIL**

Joslyn LaMadrid, Esq.
6600 West Charleston
Suite 117
Las Vegas, Nevada 89147

Re:     Incorp Services, Inc. v. Nevada Corporate Services, Inc.
        Case No. 09-cv-1300-RCJ-GWF

Dear Joslyn:

This letter serves to continue the meet-and-confer process regarding Defendants Nevada Corporate Services, Inc. and Richard Fritzler (collectively, "Defendants")' failure to supplement their responses to Plaintiff's First Set of Interrogatories and Requests for Production (the "Requests") and to produce documents sufficiently responsive to those requests.

As you know, the Court issued an order on November 17, 2010 (the "November 17th Order") after hearing Plaintiff's Motion to Compel Production of Documents and Further Responses to Interrogatories, and Motion for Sanctions. The November 17th Order directed Defendants to fully respond to the Requests. Specifically, Defendants must provide supplemental discovery responses and responsive documents, including but not limited to: 1) the complete list of recipients of the advertisement letter, 2) Nevada Corporate Services, Inc. ("NCS")'s corporate formation documents, 3) its fictitious business name filings, 4) its business licenses, 5) its current list of officers and/or directors, 6) annual financial statements, 7) NCS's 2006-2009 federal income tax returns, and 8) responses to Defendants' defamatory comments about its competitors.

Despite the Court's instruction, we have not received any supplemental responses from you. Please prepare and serve responses and responsive documents to the Requests by **December 17, 2010**. It is our hope to resolve these issues without involving the Court yet again. However, almost a month has passed since the November 17th Order and Defendants' continued non-compliance to the Court's orders will leave Plaintiff with no choice but to seek Court relief.

Sincerely,

GORDON SILVER

JOEL Z. SCHWARZ

102162-001.06/1089908          3960 Howard Hughes Parkway, Ninth Floor
                               Las Vegas, Nevada 89169.5978

T: 702.796.5555 • F: 702.369.2666 • www.gordonsilver.com

## JZS Joel Z. Schwarz

| | |
|---|---|
| **From:** | Anna Dang |
| **Sent:** | Thursday, December 30, 2010 11:08 AM |
| **To:** | 'jjlamadrid@gmail.com' |
| **Cc:** | JZS Joel Z. Schwarz |
| **Subject:** | Incorp v. NCS |
| **Attachments:** | Letter to Joslyn LaMadrid.pdf |

Please attached see correspondence dated December 30, 2010.

-Anna Dang
Assistant to Joel Z. Schwarz, Esq.

# Gordon Silver

Attorneys and Counselors at Law

December 30, 2010

**VIA E-MAIL jjlamadrid@gmail.com**

**AND FIRST CLASS MAIL**

Joslyn LaMadrid, Esq.
6600 West Charleston
Suite 117
Las Vegas, Nevada 89146

> Re:   Incorp Services, Inc. v. Nevada Corporate Services, Inc.;
> Case No. 09-cv-1300-RCJ-GWF

Dear Joslyn:

I am writing, once again, in an effort to meet and confer regarding Defendants Nevada Corporate Services, Inc. and Richard Fritzler (collectively, "Defendants")' failure to supplement their responses to Plaintiff's First Set of Interrogatories and Requests for Production (the "Requests") and to produce documents sufficiently responsive to those requests.

As outlined in my letter of December 13, 2010, the Court has ordered Defendants to provide supplemental discovery responses and responsive documents, as outlined in my letter. As you also know, we have scheduled the deposition of Defendants and certain of their employees for January 19 and 20, 2011. To date, we have received no response to my December 13 letter and no supplemental discovery responses or responsive documents from Defendants. Given the history of this case, we are also unsure whether any of the deponents plan on appearing at their depositions next month. Of course, the depositions will be futile if we do not receive the Court-ordered supplemental discovery responses and responsive documents in advance.

This is our final request. Please prepare and serve supplemental discovery responses and responsive documents to the Requests by **January 7, 2010**. By that same date, please also advise as to the deponents' appearance at their upcoming depositions. If we have not received the discovery responses and have not heard from you regarding the depositions by that date, we will take the depositions off calendar and seek further relief from the Court.

Sincerely,

GORDON SILVER

JOEL Z. SCHWARZ

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Tuesday, December 28, 2010 11:18 AM
**To:**      JZS Joel Z. Schwarz
**Subject:** Depo Schedules

Would you mind forwarding these to me again?

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Thursday, December 30, 2010 11:24 AM
**To:**      Anna Dang
**Subject:** Re: Incorp v. NCS

I did not receive the correspondence dated December 13, 2010. Please re-send. Thanks.

On Thu, Dec 30, 2010 at 1:07 PM, Anna Dang <ADang@gordonsilver.com> wrote:
> Please attached see correspondence dated December 30, 2010.
>
> -Anna Dang
> Assistant to Joel Z. Schwarz, Esq.
>
>
>
> Anna Dang
>
> Legal Assistant
> Gordon Silver
> 3960 Howard Hughes Pkwy.
> Ninth Floor
> Las Vegas, NV 89169
> Tel: 702.796.5555
> Fax: 702.369.2666
> E-mail: ADang@GordonSilver.com
> 
>
>
> _____
> Gordon Silver Standard Disclaimer
> DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain
> confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555.
> Also please e-mail the sender and notify the sender immediately that you have received the communication in error.
>
> Tax Opinion Disclaimer
> To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and
> cannot be used by you. i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another
> party any transaction or matter addressed herein.



--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*

This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*

We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

6/9/2011

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Wednesday, January 05, 2011 12:57 PM
**To:**      JZS Joel Z. Schwarz
**Subject:** Fwd: Meeting


---------- Forwarded message ----------
From: **Joslyn LaMadrid** <jjlamadrid@gmail.com>
Date: Wed, Jan 5, 2011 at 2:56 PM
Subject: Meeting
To: jzs@gordonsilve.com


Please let me know when you are available to discuss the additional documents you would like.  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Monday, January 10, 2011 12:10 PM
**To:**      JZS Joel Z. Schwarz
**Subject:** Re: Meeting

Joel,

Thanks for letting me know my mailbox was full. I have forwarded the list of requested documents to my client. Just to let you know Kayla no longer works for my client, and we are unaware of a forwarding location for her. Additionally, Michelle Perry is not employed nor has she even been, by NCS. Therefore, the depositions on the 18th may be irrelevent. Thanks.

On Mon, Jan 10, 2011 at 11:49 AM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:
Joslyn,

I tried calling you, but I was sent to a voicemail box which the message says is full. Also, the number you have on file with the bar (702-658-8080) does not appear to be for your office. In any event, here is the list of the documents the Court has ordered your clients to produce:

The complete list of recipients of the advertisement letter

NCS's corporate formation documents

NCS's fictitious business name filings

NCS's business licenses

A current list of NCS's officers and/or directors

NCS's annual financial statements

NCS's 2006–2009 full federal tax returns

Copies of all letters NCS sent to Incorp clients

Any responses NCS received to derogatory comments about its competitors

The Court has also ordered that your clients provide supplemental responses to Interrogatories Nos. 4 (identify every intended recipient of the Letters) and 5 (explain how the list of recipients was created).

These documents/Supplemental responses need to be received by the end of this week, so that we have them in advance of next week's (continued) depositions:

Jan. 18 at 9:00 a.m. – Kayla Korbalee

Jan. 18 at 1:00 p.m. — Michelle Perry

not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702) 232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702) 232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

---

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147

6/9/2011

(702)232-4786

**CONFIDENTIAL INFORMATION**
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

**FEDERAL TAX ADVICE DISCLAIMER**
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

6/9/2011

## JZS Joel Z. Schwarz

**From:**   Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**   Thursday, January 13, 2011 4:10 PM
**To:**   JZS Joel Z. Schwarz
**Subject:** RE: Meeting

You will have all the information for the NCS people.  I told you to give me a couple days to get it together.  I am not sure if you properly gave notice to everyone other than Richard and PMK for NCS.  If you try and seek court relief, you will need to show proper service.


Sent from my Palm Pixi on the Now Network from Sprint

_____

On Jan 13, 2011 3:52 PM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:

Joslyn,

We had hoped to receive the requested documents by today.  Because these documents are central to this case, it would be meaningless for Plaintiff to move forward with depositions without them.  At this juncture, Plaintiff is left with no choice but to take the depositions off calendar and seek Court relief.



Joel Schwarz, Esq.
Gordon Silver
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Tel: 702.796.5555
Fax: 702.369.2666
E-mail: JZS@GORDONSILVER.com

## Gordon Silver
**Attorneys and Counselors at Law**

_____

**From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
**Sent:** Monday, January 10, 2011 12:10 PM
**To:** JZS Joel Z. Schwarz
**Subject:** Re: Meeting

Joel,

Thanks for letting me know my mailbox was full.  I have forwarded the list of requested documents to my client.  Just to let you know Kayla no longer works for my client, and we are unaware of a forwarding location for her. Additionally, Michelle Perry is not employed nor has she even been, by NCS.  Therefore, the depositions on the 18th may be irrelevent.  Thanks.

On Mon, Jan 10, 2011 at 11:49 AM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:

Joslyn,

I tried calling you, but I was sent to a voicemail box which the message says is full.  Also, the number you have on file with the bar (702-658-8080) does not appear to be for your office.  In any event, here is the list of the documents the Court has ordered your clients to produce:

The complete list of recipients of the advertisement letter

NCS's corporate formation documents

NCS's fictitious business name filings

NCS's business licenses

A current list of NCS's officers and/or directors

NCS's annual financial statements

NCS's 2006–2009 full federal tax returns

Copies of all letters NCS sent to Incorp clients

Any responses NCS received to derogatory comments about its competitors

The Court has also ordered  that your clients provide supplemental responses to Interrogatories Nos. 4 (identify every intended recipient of the Letters) and 5 (explain how the list of recipients was created).

These documents/Supplemental responses need to be received by the end of this week, so that we have them in advance of next week's (continued) depositions:

Jan. 18 at 9:00 a.m. – Kayla Korbalee

Jan. 18 at 1:00 p.m. — Michelle Perry

Jan. 20 at 9:00 a.m. – Richard Fritzler

Jan. 20 at 1:00 p.m. – NCS 30(b)(6) designee

Please call me to confirm that your clients will be producing documents and appearing for their

scheduled depositions.  Thank you for your attention to this matter.

Joel Schwarz, Esq.
Gordon Silver
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Tel: 702.796.5555
Fax: 702.369.2666
E-mail: JZS@GORDONSILVER.com



---

**From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
**Sent:** Wednesday, January 05, 2011 12:57 PM
**To:** JZS Joel Z. Schwarz
**Subject:** Fwd: Meeting

---------- Forwarded message ----------
From: **Joslyn LaMadrid** <jjlamadrid@gmail.com>
Date: Wed, Jan 5, 2011 at 2:56 PM
Subject: Meeting
To: jzs@gordonsilve.com

Please let me know when you are available to discuss the additional documents you would like.  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

**CONFIDENTIAL INFORMATION**
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in

error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

***FEDERAL TAX ADVICE DISCLAIMER***
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

***CONFIDENTIAL INFORMATION***
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

***FEDERAL TAX ADVICE DISCLAIMER***
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

---

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

**CONFIDENTIAL INFORMATION**
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

**FEDERAL TAX ADVICE DISCLAIMER**
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:** Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:** Thursday, January 20, 2011 11:49 AM
**To:** JZS Joel Z. Schwarz
**Subject:** Motion

I am unable to retrieve your most recent filings (Friday and Tuesday).  Would you please forward the same to me?  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Tuesday, February 01, 2011 10:11 AM
**To:**      JZS Joel Z. Schwarz
**Subject:** Phone

I have tried calling you twice.  Please call me at 202-4781.  Thanks

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**     Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**     Tuesday, February 01, 2011 10:21 AM
**To:**       JZS Joel Z. Schwarz
**Subject:** Re: Opposition

Thanks.  I will send it over.

On Tue, Feb 1, 2011 at 10:12 AM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:
> Joslyn,

> Pursuant to the Order of the Court (see attached), the Opposition was due yesterday.  With that being said, we
> will stipulate to an extension of the Opposition deadline to this Friday, February 4, 2011 and an extension of our
> deadline for a reply to 11 days after the filing of the Opposition, pursuant to LR 7-2(c).  If this is acceptable to
> you, please prepare a Stipulation and Order to that effect and I will sign it.

> Joel Schwarz, Esq.
> Gordon Silver
> 3960 Howard Hughes Pkwy.
> Ninth Floor
> Las Vegas, NV 89169
> Tel: 702.796.5555
> Fax: 702.369.2666
> E-mail: JZS@GORDONSILVER.com

> [×]

> ――――――――――――――――――――――――――――――

> **From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
> **Sent:** Tuesday, February 01, 2011 6:23 AM
> **To:** JZS Joel Z. Schwarz
> **Subject:** Opposition

> Joel,

> I left you a message yesterday.  Our Opposition is due Wednesday, and I am wondering if I
> could get a couple day extension.  I am also supplementing the discovery you requested,
> however some of it just doesn't exist.  My phone is smashed, so you can reach me at 702-202-
> 4781.  Thanks.

> --
> Regards,

> Joslyn LaMadrid, Esq.
> 6600 West Charleston, Suite 117
> Las Vegas, NV 89147
> (702)232-4786

6/9/2011

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702) 232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

---

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

6/9/2011

## JZS Joel Z. Schwarz

| | |
|---|---|
| **From:** | Joslyn LaMadrid [jjlamadrid@gmail.com] |
| **Sent:** | Saturday, February 05, 2011 11:49 AM |
| **To:** | JZS Joel Z. Schwarz |
| **Subject:** | Response |

**Attachments:** Opposition_to_Motion_to_Dismiss_and_Sanctions__2_.pdf

I tried my pacer login, and it doesnt work, so i am sending you a courtesy copy, and have to wait until monday to retrieve it.  Thanks for r understanding, and I hope your baby is doing well.  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

6/9/2011

## JZS Joel Z. Schwarz

**From:**     Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**     Monday, March 07, 2011 9:22 AM
**To:**       JZS Joel Z. Schwarz
**Subject:** Motion

I am unable to access the calendar.  Has this been set for a hearing date yet?  We are supplying the 3rd and 4th supplements to discovery, and can put the depostions back on calendar.  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**    Jos'yn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Monday, March 07, 2011 2:17 PM
**To:**      JZS Joel Z. Schwarz
**Subject:** Re: Motion

Thanks, I will check with my client. I am able to access the calendar at my office, but my home office has different protections, and as such I am unable to access it. I was just touching base this morning as it was on my mind. Thanks.

On Mon, Mar 7, 2011 at 1:18 PM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:
Joslyn—

To my knowledge, no hearing date has been set on our motion for terminating sanctions and default judgment. The discovery deadline was January 31, 2011 and the joint pretrial order is due in roughly three weeks. Our client has already expended substantial time and money to extend the discovery period for purposes of obtaining the supplemental discovery and taking the depositions and is not in the position to do it again. Taking depositions at this late stage would be wholly inappropriate and unduly prejudicial to our client. As such, we do not plan on putting the depositions back on calendar at this time and will instead wait for the Court's ruling on the pending motion.

You have indicated several times that you are unable to access the Court's electronic filing system. Are you aware that you can also view the docket through PACER? Either way, please confirm that you have received and reviewed the attached Order on our motion for attorneys' fees, and that we can expect payment from your clients this Thursday. If you need wiring instructions, I am happy to provide them to you.


Joel Schwarz, Esq.
Gordon Silver
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Tel: 702.796.5555
Fax: 702.369.2666
E-mail: JZS@GORDONSILVER.com



**Gordon  Silver**

Attorneys and Counselors at Law

---

**From:** Joslyn LaMadrid [mailto:jjlamadrid@gmail.com]
**Sent:** Monday, March 07, 2011 9:22 AM
**To:** JZS Joel Z. Schwarz
**Subject:** Motion

I am unable to access the calendar. Has this been set for a hearing date yet? We are supplying the 3rd and 4th supplements to discovery, and can put the depostions back on calendar. Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains
information which may be confidential or privileged and exempt from disclosure under applicable law. If you are
not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you
are hereby notified that any examination, copying, distribution or other unauthorized use of this document is
prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)
232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal
tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of
avoiding federal tax penalties.

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain
confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555.
Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and
cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another
party any transaction or matter addressed herein.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information
which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom
this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any
examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this
facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice,
this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax

6/9/2011

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Tuesday, April 12, 2011 9:42 AM
**To:**      JZS Joel Z. Schwarz
**Subject:** Hearing

Is there still not a hearing date?  Also, I wanted to advise you we have updated the discovery and will be filing supplemental answers.  Thanks.

--
Regards,

Joslyn LaMadrid, Esq.
6600 West Charleston, Suite 117
Las Vegas, NV 89147
(702)232-4786

*CONFIDENTIAL INFORMATION*
This facsimile transmission is intended only for the use of the person(s) to whom, it is addressed and contains information which may be confidential or privileged and exempt from disclosure under applicable law. If you are not a person to whom this e-mail is addressed, or an agent authorized by such a person to receive this e-mail, you are hereby notified that any examination, copying, distribution or other unauthorized use of this document is prohibited. If you have received this facsimile in error, please contact the Law Offices of Joslyn LaMadrid at (702)232-4786 immediately.

*FEDERAL TAX ADVICE DISCLAIMER*
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

## JZS Joel Z. Schwarz

**From:**    Joslyn LaMadrid [jjlamadrid@gmail.com]
**Sent:**    Thursday, June 09, 2011 12:02 PM
**To:**      JZS Joel Z. Schwarz
**Subject:** Re: Call me asap!

I am in Chicago. It is an unfortunate situation, as I did what I could with what I had been given. I am not sure where they are coming from, but I guess everyone wants to blame the attorney. I alerted the 3 months ago I was withdrawing as counsel due to a family emergency. My father recently passed away. I will try calling you before the hearing to discuss this, but thank you for the heads up.

Sent from my Palm Pre on the Now Network from Sprint

On Jun 9, 2011 11:46 AM, JZS Joel Z. Schwarz <JZS@gordonsilver.com> wrote:

Direct line: 702-992-1823
Cell: 702-332-4837

About NCS/Fritzler. They filed a supplement this morning that is blaming everything on you. Hearing is at 1:30 this afternoon. Figured you would want to defend yourself.

Joel Schwarz, Esq.
Gordon Silver
3960 Howard Hughes Pkwy.
Ninth Floor
Las Vegas, NV 89169
Tel: 702.796.5555
Fax: 702.369.2666
E-mail: JZS@GORDONSILVER.com

## Gordon Silver

**Attorneys and Counselors at Law**

Gordon Silver Standard Disclaimer
DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information. If you have received this communication in error, please call us (collect) immediately at (702) 796-5555. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer
To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.