## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:09-cv-01300-GMN-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| NEVADA CORPORATE SERVICES, INC., a Nevada corporation, RICHARD FRITZLER, an individual, and DOES 1-10, inclusive, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **INTRODUCTION**

Before the Court is Plaintiff's Motion for Sanctions (ECF No. 84). A hearing was held on the matter on June 9, 2011 (ECF No. 101). The Court denied Plaintiff's Motion for Default Judgment (ECF No. 82) but held that it would consider allowing an adverse jury instruction and reasonable attorneys' fees and costs incurred in bringing the motion. Plaintiff subsequently filed a memorandum of attorneys' fees and costs incurred since December 1 (ECF No. 99) and a proposed adverse jury instruction (ECF No. 103).

## **DISCUSSION**

**A.     Attorneys' Fees and Costs**

The Court Grants Plaintiff's request for reasonable attorneys' fees and costs incurred since December 1 as Defendants failed to comply with the Court orders regarding discovery pursuant to Fed. R. Civ. P. 37. (*See* ECF No. 78 & 64). Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the

1  litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000) (citation omitted). The
2  next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr*
3  factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119.

4        The *Kerr* factors are: (1) the time and labor required, (2) the novelty and the difficulty of
5  the questions involved, (3) the skill required to perform the legal service properly, (4) the
6  preclusion of other employment by the attorney due to the acceptance of the case, (5) the
7  customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the
8  client or circumstances, (8) the amount involved and the results obtained, (9) the experience,
9  reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and
10 length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v.*
11 *Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The *Kerr* factors are consistent with
12 the local rule governing motions for attorney's fees. *See* LR 54-16(b)(3).

13       Under the first step of the lodestar method the court looks to see if the rate and hours are
14 each reasonable. Plaintiff requests reimbursement of attorneys' fees and costs at the following
15 hourly rates: $310 for the time of Joel Z. Schwarz, Esq., which is based on Mr. Schwarz's six
16 years of civil litigation experience as an associate attorney; $200- $260 per hour for the time of
17 John H. Gutke, Esq. based on Mr. Gutke's four years of civil litigation experience as an
18 associate attorney; $350 an hour for the time of Jeffrey Rosenfeld, Esq. based on his eight years
19 of civil litigation experience and position as a senior associate attorney at Kronenberger
20 Burgoyne; $295 an hour for the time of Virginia Sanderson based on her five years of civil
21 litigation experience and position as an associate attorney. An hourly fee ranging between
22 $250-$350 an hour is reasonable for experienced associates in the Las Vegas legal market.
23 Thus, the billing rate appears reasonable.

24       Next, the court must determine if the hours are reasonable. Plaintiff's request $11,624.68
25 in attorneys' fees and costs for 43 hours of attorney labor. The fees and costs include Plaintiff's

meet and confer efforts, drafting the motion for sanctions and default, and preparation for and appearance at the June 9 hearing on the motion for sanctions and default.  The total amount of hours billed for this activity is approximately 43 hours.  After a review of the itemized bill the Court reduced the amount by denied fees billed for traditionally secretarial-type services such as calendaring dates and making copies, etc. The Court also denied duplicative fees billed when Plaintiff's attorneys consulted together and instead only included the fee of the attorney with the highest hourly rate.

Therefore, the Court finds that 33 hours are reasonable resulting in a total amount of $9,202.17 in fees and costs.

**B.    Adverse Inference**

In lieu of granting Plaintiff's motion for default judgment for Defendants' failure to participate in discovery and to follow many court orders, the Court instead will allow an adverse inference to be given to the jury regarding the disclosure of the advertising letter at issue in this case.  Plaintiff submits the following instruction for the Court's approval:

> Regardless of the evidence submitted by the parties regarding who received the letters at issue in this lawsuit, you may assume that each customer of Incorp as of May 28, 2009 received a copy of the letter.

Defendants oppose the instruction because they claim that it would lead to a gross distortion of actual damages suffered.  However, the Court has given Defendants many opportunities to participate in discovery and they have failed to remedy their behavior. Allowing an adverse inference is a much lighter sanction than Plaintiff originally asked for and the Court determines the proposed language is a fair compromise and adequate sanction that is sufficient but not more than necessary.  Accordingly, the Court approves the jury instruction proposed by Plaintiff.

/ / /

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 84) is **GRANTED in part** and **DENIED in part**. Plaintiff is awarded $9,202.17 in attorneys' fees and costs. Plaintiff's adverse jury instruction is approved.

DATED this 29th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge