UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INCORP SERVICES, INC., | 2:09-cv-01300-RCJ-CWH |
| Plaintiff, | <u>ORDER</u> |
| vs. | Motion to Compel and Sanctions (#157) |
| | Motion to Reopen Discovery (#162) |
| NEVADA CORPORATION SERVICES, INC., *et al.*, | Countermotion for Sanctions (#163) |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Issuance of an Order to Show Cause Why Defendants Should Not Be Held in Contempt, to Compel Production of Documents and Things in Compliance with Court Order and Renewed Deposition of Person Most Knowledgeable, for Extension of Discovery Cutoff, and for Sanctions in the Form of Award of Costs and Attorneys' Fees (#157), filed February 13, 2012. It is also before the Court on Defendants' Motion to Reopen Discovery, One-Sided, for Defendant (#162) and Defendants' Countermotion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt of Court for Lack of Candor (#163), filed February 21, 2012. The Court also considered Declaration of Henry M. Burgoyne, III , in support of Plaintiff's Motion (#158), filed February 13, 2012; Defendants' Response to Plaintiff's Motion (#160), filed February 21, 2012; Plaintiff's Reply to Defendants' Response (#164), filed March 2, 2012; Plaintiff's Response to Defendants' Motion to Reopen Discovery (#165), filed March 9, 2012; Plaintiff's Response to Defendants' Countermotion (#166), filed March 9, 2012; Defendants' Reply to Plaintiff's Response to Countermotion (#167), filed March 19, 2012; Defendants' Reply to Plaintiff's Response to Motion to Reopen Discovery (#168), filed March 19, 2012; Defendants' Errata to Reply to Response to Motion to Reopen Discovery (#169), filed March 19, 2012.

# BACKGROUND

This action involves claims for defamation and violation of the Lanham Act, 15 U.S.C. §1125(a), based on allegedly false statements that Defendant Nevada Corporate Services, Inc. ("NCS") made to business clients of Plaintiff Incorp Services, Inc. ("Incorp"). A recitation of the facts will not be included in this Order as they have been adequately summarized in Orders #50 and #64. This Order addresses several outstanding discovery motions.

# DISCUSSION

## A. Plaintiff's Motion for Sanctions and Discovery (#157)

Plaintiff's Motion is premised on the argument that Defendants have not complied with prior court orders requiring Defendants to pay sanctions and produce financial documents. More specifically, Plaintiff contends that there are more responsive documents or witnesses previously undisclosed by Defendants that are essential to Plaintiff's case. Defendants responded that the requested discovery has already been provided. Federal Rule of Civil Procedure 37 governs discovery disputes and sanctions stemming therefrom. If a party fails to obey an order to provide discovery, the court may choose to issue a sanction that is "just" and proportionate to the situation. *Societe International v. Rogers*, 357 U.S. 197, 212 (1958) (finding dismissal of complaint with prejudice not justified when failure to comply was due to inability). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 639 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities).

### 1. Whether Defendants Have Complied with Court Ordered Sanctions

On August 30, 2011, the Court ordered Defendants to pay $9, 202.17 in fees and costs to Plaintiff as a sanction. *See* Order #118. On January 9, 2012, the Court approved a payment schedule where Plaintiff would receive approximately $3,000 a month for three months beginning February 2, 2012. Now, Plaintiff alleges that Defendants failed to make the first

payment and should be held in contempt.[1] However, Defendants provided proof that payment was made.[2] Plaintiff concedes that the request for order to show cause was brought in error as Plaintiff was unaware that an installment payment had been made. Consequently, Plaintiff's motion for an order to show cause why Defendants should not be held in contempt is denied.

**2. Whether Defendants Should Be Compelled to Produce Discovery**

In addition to asking for an order to show cause, Plaintiff asks for a motion to compel Defendants to produce (a) tax returns from 2006 through 2009, (b) annual financial statements from 2006 through 2010, and (c) letters substantially similar to the May 28, 2009 letter in which Defendant made allegedly false statements to Plaintiff's business clients.

**a. Tax Records**

The Court conducted a hearing on February 2, 2012 regarding Plaintiff's Motion for Order to Show Cause and Additional Relief (#126). The motion was denied as moot as Plaintiff had received the tax records in defense counsel's possession. Again, Plaintiff argues that Defendants have not produced signed copies of tax returns from 2006 through 2009. Plaintiff concedes to having received copies of the tax returns at issue, but allege that they are incomplete. For example, they insist that information such as company officer salaries should be included on the returns.

In contrast, Defendants highlight testimony from the June 9, 2011 hearing before District Judge Navarro in which she inquired into whether Plaintiff had received the complete tax returns from 2006 through 2009. This Court also inquired into this issue at the February 2, 2012 hearing in which Defendants again asserted that Plaintiff has received the complete tax returns. Moreover, the Court required a meet and confer in accordance with Rule 37(a)(1) to specifically address the tax returns issue. The meet and confer did not resolve what items were outstanding related to the tax returns. However, the Court is not persuaded by Plaintiff's argument that there

---

[1] Plaintiff cites to Rule 37(b)(2)(D) as providing the Court with the ability to hold Defendants in contempt for failing to obey discovery orders. Such provision does not exist so the Court assumes that Plaintiff meant to refer to Rule 37(b)(2)(vii).

[2] Defendants refer to Exhibits 1 through 4 attached to their countermotion (#162-163), but no such exhibits were included for review by the Court.

1  are different tax returns than what they have received.  As the Court cannot order Defendant to
2  produce documents of information that it does not have, the motion to compel regarding the tax
3  returns is denied.

### b. Annual Financial Statements

5  Plaintiff seeks to compel Defendants to produce annual financial statements from 2006
6  through 2010.  Defendants' highlight Order #64 issued by Magistrate Judge Foley on June 17,
7  2010, which sought to limit the scope of discovery requests.  However, Judge Foley exercised his
8  discretion under Federal Rule of Civil Procedure 26(b)(2) to limit the scope of some of the
9  discovery requests that were facially overbroad, but not all.  In doing so, he ordered Defendants
10 to produce any annual financial statements in its possession, custody, or control from January 1,
11 2006 through June 2010.  These documents would be subject to the confidentiality provisions of
12 the protective order.

13 Defendants claim to have provided Plaintiff with supplemental responses subsequent to
14 Order #64 and assert that no other financial statements or letters exist.  Plaintiff highlights
15 deposition testimony from Richard Fritzler, Michelle Perry, and Thomas Wood that discusses the
16 use of QuickBooks software to capture accounting data.  They seek to obtain all QuickBooks
17 data for the fiscal years of 2006 through 2010, which would allow Plaintiff to piece together a
18 financial statement.  This Court finds that such request would not be consistent with Order #64
19 regarding annual financial statements.  Accordingly, the motion to compel regarding the financial
20 statements is denied.

### c. Advertising Letters

22 From at least May 28, 2009 until August 27, 2009, NCS sent advertisements in the form
23 of a letter to an unknown number of business organizations registered with the Nevada Secretary
24 of State.  Plaintiff seeks to compel the production of additional versions of the letter at issue.
25 They claim that Order #64 entitles them to discover whether NCS sent substantially similar
26 letters to other clients of Incorp.  Defendants assert that only nine offending letters could have
27 been delivered by the United States Post Office to potential Incorp clients.  Further, Defendants
28 contend that all nine of the potential recipients are traceable through the Nevada Secretary of

1 State website. They argue that they have complied with Order #64 with respect to this request
2 and that no other letters exist. Although Plaintiff objects to the diligence of Defendants' search
3 for the letters, the Court cannot compel Defendant to produce documents that do not exist.
4 Accordingly, the motion to compel regarding the substantially similar letters is denied.

**3. Whether Discovery Should Be Reopened for Plaintiff Only**

6 Plaintiff seeks to reopen discovery to allow Defendants to produce the above-mentioned
7 financial documents. In addition, Plaintiff seeks to reopen discovery to allow for a deposition of
8 a properly prepared organizational deponent. Plaintiff contends that the deposition of Richard
9 Fritzler ("Mr. Fritzler") did not constitute a meaningful deposition regarding the Defendant's
10 revenues, profits, and costs. They assert that based on Mr. Fritzler's lack of preparedness or lack
11 of cooperation, Rule 26(g) gives them the right to depose Mr. Fritzler again or someone else who
12 is more prepared. Plaintiff also argues that they are entitled to reimbursement for the costs and
13 fees of his deposition.

14 In contrast, Defendant contends that Mr. Fritzler was noticed to be deposed as an
15 individual and as a Rule 30(b)6 representative. The transcript of Mr. Fritzler's deposition dated
16 September 7, 2011 reveals that the parties agreed to conduct the individual and representative
17 depositions simultaneously. There was discussion as to whether Mr. Fritzler was adequately
18 prepared to answer questions in both capacities. Also, the Court notes that both parties agreed to
19 continue Mr. Fritzler's deposition for another day if there were more questions to be answered in
20 his organizational deponent capacity. As that additional day was not requested and Mr. Fritzler
21 testified to having educated himself further before the second day of his deposition, Plaintiff
22 concluded their opportunity to ask him questions as a Rule 30(b)6 representative. Additionally,
23 Plaintiff had a copy of the tax returns prior to deposing Mr. Fritzler; new financial documents
24 have not been produced that would warrant a second deposition.

25 Ultimately, Plaintiff has not demonstrated a discovery extension is warranted, especially
26 given the discovery cutoff date of July 12, 2010. Rule 6(b) and Local Rule 6-1(b) allow for the
27 extension of time even after the expiration of a deadline so long as the moving party
28 demonstrates the failure to act was because of excusable neglect. As stated in *Johnson v.*

1  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard
2  primarily considers the diligence of the party or parties seeking the extension.  In evaluating
3  excusable neglect, the court considers: (1) the reason for the delay and whether it was in the
4  reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the
5  length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to
6  the nonmoving party.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113
7  S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d
8  814, 825 n. 4 (9th Cir.1996).  The Court considered Plaintiff's argument regarding the purpose of
9  the extension and their diligence in seeking to obtain the requested discovery.  However, it finds
10 that the requested discovery has been completed so the motion for extension of discovery to
11 obtain further documents and deposition testimony is denied.

        **4. Whether Defendants Should Be Sanctioned**

13         Imposition of discovery sanctions is committed to the court's discretion.  *Von Brimer v.*
14 *Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  Rule 37 allows for the authorization of any
15 remedy the court determines is just when a party fails to obey a court order.  *See Societe*
16 *International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197,
17 207 (1958); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding
18 the payment of reasonable expenses for the failure to obey a court order to produce documents).
19 It seems reasonably clear that defendants have produced the tax returns, financial statements, and
20 substantially similar letters that exist in compliance with Order #64.  Additionally, it appears as
21 though Defendants provided an acceptable Rule 30(b)6 deponent in good faith.  The Court finds
22 that imposing additional Rule 37 sanctions against Defendants is not justified at this time.

23 **B. Defendants' Motion to Reopen Discovery (#162)**

24         Defendants seek to reopen discovery to propound two Interrogatories and two Requests
25 for Production of Documents on Plaintiff regarding the issue of damages.  They assert that
26 Plaintiff has had ample time to complete discovery, received several extensions, and attempted to
27 mislead the Court in their request for additional discovery.  The Court is not persuaded by this
28 argument to unilaterally reopen discovery, particularly given the fact that the discovery cut off

was July 12, 2010.

More significantly, Defendants' motion does not articulate a good cause and excusable neglect explanation. Defendants cite to the July 18, 2011 hearing before Judge Foley in which he discussed that Defendants may be authorized to do certain additional discovery if the settlement conference is unsuccessful. The Court is not persuaded that Defendants were unable to obtain such rebuttal discovery addressed by Judge Foley prior to the discovery cutoff deadline. Also, Plaintiff contends that they addressed the issue of damages in their First Supplemental Disclosures served on Defendants in October 2011. Additionally, Defendants did not comply with Local Rule 26-7 requiring a statement of the movant that the parties have been unable to resolve the matter without court action. There is no indication that Defendants communicated with Plaintiff their request for discovery related to the damages issue. Therefore, Defendant's motion for an extension of discovery is denied.

**C. Defendants' Countermotion for Sanctions (#163)**

Defendants contend that Plaintiff has undertaken an unconscionable scheme to improperly influence the decisions of the court. More specifically, Defendants accuse Plaintiff of violating Nevada Rules of Professional Conduct Rule 3.3 and Nevada Revised Statute 22.010. They alleged that Plaintiff's actions regarding claiming no receipt of the sanctions payment, tax returns, and other financial documents constitute a pattern of deceit and deception that constitutes fraud. Consequently, Defendants seek an adverse jury instruction, sanctions, and attorney's fees.

The Court has the power to sanction a party for willful abuse of the judicial process, particularly when the party has intentionally practiced a fraud upon the court. *In re Levandar*, 180 F.3d 1114, 1119 (9th Cir. 1999) (holding that a federal court may amend a judgment or order when it was obtained through fraud on the court). This power, however, is to be exercised with restraint and discretion. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (discussing the well-acknowledged power of the court to levy sanctions in response to abusive litigation practices). Plaintiff contends that their inadvertent mistake regarding the sanctions payment does not constitute an act of contempt or a breach the duty of candor. As Plaintiff promptly corrected its mistake as to the payment of the sanctions, the Court does not find this action justifies

1  sanctions.  As to Plaintiff's request for production of financial documents, the Court is not
2  persuaded by clear and convincing evidence that fraud was committed.  It is clear that meet and
3  confer and other attempts at communications between the parties were not successful in resolving
4  the production issue.  Consequently, the Court cannot attribute an intent to defraud the Court to
5  the Plaintiff in bringing this Motion to Compel.
6  Accordingly,
7      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Issuance of an Order to Show
8  Cause Why Defendants Should Not Be Held in Contempt, to Compel Production of Documents
9  and Things in Compliance with Court Order and Renewed Deposition of Person Most
10 Knowledgeable, for Extension of Discovery Cutoff, and for Sanctions in the Form of Award of
11 Costs and Attorneys' Fees (#157) is **denied**.
12     **IT IS FURTHER ORDERED** that Defendants' Motion to Reopen Discovery, One-
13 Sided, for Defendant (#162) and Defendants' Countermotion for Order to Show Cause Why
14 Plaintiff Should Not Be Held in Contempt of Court for Lack fo Candor (#163) are **denied**.
15     DATED this 27th day of July, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge