UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INCORP SERVICES, INC., a Nevada corporation, | ) ) ) |
| Plaintiff, | ) ) Case No.2:09-cv-01300-GMN-CWH ) |
| vs. | ) **ORDER** ) |
| NEVADA CORPORATE SERVICES, INC., a Nevada corporation, RICHARD FRITZLER, an individual, and DOES 1-10, inclusive, | ) ) ) ) |
| Defendants. | ) ) |

Before the Court is Plaintiff Incorp Services, Inc.'s ("Incorp") Motion to Dismiss all claims with prejudice with each party bearing its own costs and fees. (ECF No. 186). The Court has also considered Defendants Nevada Corporate Services ("NCS") and Richard Fritzler's (collectively "Defendants") Response (ECF No. 193), Plaintiff's Reply (ECF No. 199), and the parties' arguments at the hearing held on this matter. (ECF No. 202). For the reasons discussed below, Plaintiff Incorp Services, Inc.'s Motion to Dismiss is granted.

### I.   BACKGROUND

This case arises out of mass mailings sent by NCS, a registered agent service, to various Nevada businesses. A more extensive recitation of facts can be found in this Court's prior order. (ECF No. 50). In summary, the mailings warned the recipient businesses that some registered agent services in Nevada had recently gone out of business without notifying their customers, thus leaving those customers legally vulnerable. The mailings also touted the alleged benefits of using NCS as a registered agent. Incorp, a competing registered agent service, alleges that these mailings were not protected commercial speech, but constituted defamation under state law and false advertising under the Lanham Act.

The history of this case is long and convoluted.  Pertinent to this motion, Incorp sued NCS in this Court on July 17, 2009 for: (1) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); and (2) Defamation. (ECF No. 1).  Both sides have accused the other of misconduct, and although this Court has not sanctioned Plaintiff, this Court has sanctioned Defendants twice for dilatory discovery behavior imposing fines of nearly $15,000 and entering an adverse jury instruction against them. (ECF No. 91, 118).  Now, Plaintiff seeks to dismiss this suit based on: (1) Defendants' inability to pay discovery sanctions, much less any significant judgment, (2) Defendants' failure to produce certain evidence, and (3) the passing of Incorp's Chief Operating Officer.  Plaintiff seeks dismissal with prejudice with each side to bear its own costs. Defendants oppose the instant motion only to the extent that each party should bear its own fees and costs, arguing instead that the Court should allow Defendants to argue for fees and costs at a later date.

## II.     LEGAL STANDARD

Rule 41(a)(2) freely permits the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. Fed. R. Civ. Pro. 41(a)(2); 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364, at 165 (1971).  Thus, "in ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.*  "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).  Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. *Id.*

Plaintiff's voluntary dismissal with prejudice with each party to pay its own fees amounts to judgment on the merits, and in such a case the defendant is technically the prevailing party. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 2007) (abrogated on other grounds). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule

41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). In deciding whether to award fees and costs relating to voluntarily dismissed claims, the district court has "broad fact-finding powers" to grant or decline sanctions and that its findings warrant "great deference." *Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir. 2001).

## III. DISCUSSION

As a preliminary matter, Defendants' request that this Court reserve the right to hear Defendants' request for fees, costs, and sanctions against Plaintiff at a later date, is denied. The Court determines that while it would retain jurisdiction to adjudicate fees and costs at a later date, *see Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"), the Court need not do so in this case because Defendants cannot meet their burden to show exceptional circumstances. Defendants have already had an opportunity to make their arguments regarding exceptional circumstances and have done so both in their filings and at oral argument on the motion. Defendants give no reason or legal basis to save the argument for another day or to be allowed to re-argue the same issues. The Court finds the issue of fees and costs is ripe for adjudication and any additional briefing and argument is unnecessary and will be repetitive of arguments already posited. More importantly, as discussed below, Defendants cannot show any exceptional circumstances warranting a finding of attorney fees and costs in their favor.

Thus, as Plaintiff asks this Court to dismiss the case with prejudice, this would amount to judgment on the merits in favor of Defendants. Therefore, the only consideration before this Court is whether Defendants are entitled to fees and costs.

### A. Lanham Act

The prevailing party on a Lanham Act claim *may* be entitled to reasonable attorney fees

in exceptional cases. 15 U.S.C. § 1117(a) ("The court in exceptional cases *may* award reasonable attorney fees to the prevailing party.") (emphasis added).  Exceptional circumstances include when "a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) (internal quotation marks omitted).

An action is exceptional under the Lanham Act "if the plaintiff has no reasonable or legal basis to believe in success on the merits." *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) ("The false advertisement claim was groundless and unreasonable because the statements in the advertisements at issue were true and [plaintiff] had no reasonable basis to believe they were false," *also holding* "the dilution of trademark claim was groundless and unreasonable because it had no legal basis").  In other words, exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit.  Additionally, where a Plaintiff never tries to prove its Lanham Act claims, yet waits until trial to abandon the claims, the claim may be groundless. *Societe Civile Succession Guino v. Renoir*, 305 Fed.Appx. 334, 338 (9th Cir. 2008).  Last, dilatory litigation conduct, including failing to respond to discovery requests, failing to properly serve or sign motions, failing to satisfy the local rules of the district court, stalling, and protracted discovery disputes, amounts to vexatious litigation. *See Gracie v. Semaphore Entertainment Group*, 52 Fed.Appx. 43, 48 (9th Cir. 2002) (citing references omitted).

Under the Lanham Act, an award of attorney's fees is within the district court's discretion.  The District Court's decision is reviewed under an abuse of discretion standard. *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 825 (9th Cir. 1997).

In considering the facts of this case, the extensive docket filings, the motions before it presently, and the representations made by the parties at oral argument, the Court holds that Defendants are not entitled to fees and costs and will not face any legal prejudice by being

unable to argue for the same at a later time.  Defendants have already raised and argued for fees and costs under the Lanham Act in their opposition and at oral argument on this motion.  Thus, Defendants will not be losing any legal interest, claim, or argument and there is no prejudice.

Defendants have not and cannot show "exceptional circumstances" for this Court to consider awarding fees under the Lanham Act. 15 U.S.C. § 1117(a).  Plaintiff's claims are not "groundless, unreasonable, vexatious, or pursued in bad faith."  Defendants make two arguments in favor of exceptional circumstances: first, that Plaintiff's claim is groundless because Plaintiff allegedly cannot prove damages; and second, that Plaintiff has filed at least six prior suits alleging identical damages.

As to the first argument regarding groundlessness, Defendants insist that Plaintiff cannot definitively show that any alleged damages were caused by Defendants' acts and not some other factor, such as the economic downturn.  However, the Court's review of Plaintiff's declaration in support of its motion and the accompanying sealed exhibit affirmatively show that Plaintiff has sufficient evidence of damages to support the claims.[1]  Moreover, Defendants' argument against damages would be one a jury could consider and reject, ultimately finding in favor of the Plaintiff.  Also, Defendants' single dispositive motion, a Motion for Summary Judgment, was denied because a reasonable fact-finder could find in favor of Plaintiff. (ECF No. 50).[2]  If a reasonable fact-finder could find in favor of Plaintiff, the claim cannot be "groundless or unreasonable."  Moreover, the Court finds this is not a case where Plaintiff never tried to prove its Lanham Act claim and waited until trial to abandon the claims.  In fact, Plaintiff has participated in discovery in good faith and continued to develop its case during the course of

---

[1] Specifically, Plaintiff's exhibit includes the number of customers lost, the historical average of the value of each customer, and evidence of Defendants' profits.  The first two support an actual damages claim, and the latter supports damages under the Lanham Act.

[2] Defendants argue that "at trial, Defendants will definitely dispute and negate such elements that were overlooked by Defendants in their Motion for Summary Judgment."  However, as already discussed, at trial a jury could consider and reject Defendants' arguments and evidence, ultimately finding in favor of the Plaintiff.

litigation.  Therefore, there is sufficient evidence for Plaintiff to have a reasonable belief and legal basis to believe in success on the merits.

As to the second argument regarding vexatious litigation conduct, Plaintiff did not engage in any dilatory litigation conduct to support a finding of exceptional circumstances.  Defendants' argument that Plaintiff has sued multiple other businesses does not factor into the calculus of determining whether Plaintiff's conduct in this litigation was vexatious.  Moreover, Defendants' argument logically fails as Plaintiff's have a duty to protect their brand so as to not waive future claims under the Lanham Act.  To that end, prior lawsuits indicate brand protection rather than bringing baseless claims to extort settlements, as Defendants suggest.  Also, the only party sanctioned during this litigation has been Defendants for dilatory discovery behavior.  Plaintiff has responded to discovery requests, properly served and signed motions, satisfied the local rules of the district court, and has not stalled the litigation or engaged in protracted discovery disputes.  As there are no exceptional circumstances warranting an award of fees, saving the argument for another day serves no purpose; thus, Defendants will not face any legal prejudice.

### B.  Additional Sanctions

Considering Defendants' request for additional sanctions, the Court balances the alleged bad acts of Plaintiff against those bad acts of the Defendants.  The Court finds Defendants are not entitled to additional sanctions.  Even assuming Plaintiff did act in bad faith by bringing the suit, Defendants have equally engaged in dilatory discovery behavior, which amounts to stalling.

The Court notes that Defendants have engaged the services of five sets of legal counsel.[3]  Defendants proffer excuses for the each attorney turnover.  As to the first attorney, Robert Reade, Defendants claim that Reade was replaced because he was "seemingly admonished" by

---

[3] The Ninth Circuit has recognized "changing attorneys can be an element of a plan deliberately to stall proceedings." *Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470, 1477 (9th Cir. 1988).

this Court (referring to ECF No. 50) and because the Court has "a cautious tone toward Defendants' counsel." (Opposition, ECF No. 193 at p. 4). However, this Court did not "admonish" Reade in its Order denying Summary Judgment (ECF No. 50), but rather just denied the motion. Additionally, the "cautious tone" to which Defendant refers, related to discovery that was not produced. Defendants' concern as to Reade may have been justified. As to the second attorney, Joslyn LaMadrid, Defendants argue that counsel was replaced because she "missed filing deadlines and even hearings on the case." Defendants' concern as to LaMadrid was justified. As to the third attorney, Bradley Ballard, Defendants retained Ballard even though Ballard's "workload and other matters would not allow him to be fully engaged in this case." While terminating Ballard was reasonable, initially retaining Ballard was neither reasonable nor justified. Defendants make no excuses for terminating the fourth attorney, Dennis Leavitt. The Court must consider the frequent attorney changes "in the context of the entire litigation." *Id.* As far as Plaintiff and this Court are concerned, all the delays in producing discovery and the constant changing of attorneys were used by the same Defendants. Thus, even if the first two attorney changes were reasonable, the next three changes were not and those changes amount to deliberate stalling.

Therefore, in balancing the alleged bad acts of the Plaintiff against the actual bad acts of the Defendants, Defendants' long history of failure to participate in discovery and to follow many court orders outweighs Plaintiff's bad acts. Accordingly, the Court denies Defendants' request for sanctions.

**C.   Conditions of Dismissal**

Pursuant to Rule 41(a)(2), the Court is entitled to impose certain conditions to the order of dismissal. Fed. R. Civ. Pro. 41(a)(2); 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364, at 165 (1971). Recognizing the need for finality in this case to prevent Defendants from being unfairly affected, the Court exercises its discretion and imposes the condition of dismissal

with prejudice, thereby preventing Plaintiff from re-filing this suit.

IV. <u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Plaintiff Incorp Services, Inc.'s Motion to Dismiss (ECF No. 186) is **GRANTED with prejudice**, each party bearing its own costs and fees.

**IT IS FURTHER ORDERED** that Defendants' Omnibus Motions in Limine (ECF No. 191) are hereby **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly.  Each party shall bear its own costs and fees.  The Clerk of the Court is further directed to close this case.

**DATED** this 5th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge